ENGINE MASTERS, INC.,
Plaintiff/Respondent,

v.

KIRN'S, INC., Defendant/Appellant.

No. 64189.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 22, 1994.

Henry B. Robertson, St. Louis, for appellant.

Vincent D. Vogler, Rebecca T. Hohe, Vincent D. Vogler and Assoc., St. Louis, for respondent.

SMITH, Judge.

Defendant, Kirn's, Inc., appeals from the trial court's order denying its motion to set aside a default judgment in favor of plaintiff, Engine Masters, Inc. We affirm.

On March 13, 1992, Engine Masters, Inc. filed a petition in the St. Louis County Circuit Court alleging false representation by Kirn's, Inc. in the sale of a used racing car engine. Service of process was properly obtained on April 1 by delivering summons to Don Kirn, the person having charge of the business office. Defendant did not appear on the court date of April 22 and the trial court entered judgment, assessing damages of $6,500, the amount claimed in the petition. On April 29, defendant was apprised of the judgment against it by plaintiff's attorney. A garnishment was filed May 7, resulting in a pay out, and a subsequent garnishment was filed January 25, 1993, with the same result.

On March 4, 1993, defendant filed a motion to set aside the default judgment pursuant to then Rule 74.05(c) (now Rule 74.05(d)). On May 11, both parties, represented by counsel, appeared for a hearing on defendant's motion, which was subsequently denied. On May 19, a motion to reconsider was filed, and on June 7 the motion was argued and denied. This appeal followed.

Defendant asserts the trial court abused its discretion by refusing to set aside the default judgment. Specifically, defendant claims its failure to defend was for good cause and that it has a meritorious defense against plaintiff's claim.

Rule 74.05(c) provides when a default judgment may be set aside, stating in pertinent part:

"(c) **When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment ..."

■ Setting aside a default judgment is left to the discretion of the trial court, and its ruling should not be disturbed on appeal absent an abuse of discretion. *Hoskin v. Younger Cemetery Corp., Inc.,* 838 S.W.2d 476 (Mo.App.1992) [8]. However, as courts favor a trial on the merits rather than default, the discretion not to set aside a default judgment is narrower than the discretion to set aside such a judgment. *Id.*

■ An examination of whether a trial court abused its discretion in refusing to set aside a default judgment is based upon two substantive considerations: 1) whether the defendant pled facts constituting a meritorious defense; and 2) whether the defendant established good cause for setting aside the judgment. *Gantz v. Director of Revenue,* 858 S.W.2d 793 (Mo.App.1993) [3]. There is, however, a precedent procedural requirement of particular import to the present case. Rule 74.05(c) requires "[t]he motion shall be made within a *reasonable time* not to exceed one year ..." (emphasis added).

Although the defendant made its motion to set aside the default judgment within one year, the question remains whether the

elapse of 316 days between the entry of default judgment and defendant's motion to set aside that default judgment violated the "reasonable time" limitation. We hold it did.

█ A basic rule of statutory construction holds that all words utilized are presumed to have separate and individual meaning. *Battis v. Hofmann,* 832 S.W.2d 937 (Mo.App.1992) [2]; Sutherland Stat. Const. § 46.06 (5th ed. 1992). The same rules of construction are utilized to construe Supreme Court Rules. *State v. Windmiller,* 579 S.W.2d 730 (Mo.App.1979) [1–3]. Given a separate and individual meaning, the phrase "reasonable time" serves to circumscribe the outer limit of one year contained in Rule 74.05(c). *See* Nanette K. Laughrey, Judgments—The New Missouri Rule, 44 J.Mo. Bar 11, 15.

█ To date, Missouri courts have had little to say regarding the "reasonable time" requirement of Rule 74.05(c). Only two cases briefly discuss the requirement, but the issue was not dispositive in either case. In *Clark v. Brown,* 814 S.W.2d 634 (Mo.App. 1991), the defendant filed a motion to set aside a default judgment thirty-six days after judgment had been entered. The Southern District held that period of time was reasonable because "[t]he extensive suggestions that accompanied the motion required some time for preparation." *Id.* at [3]. More recently, in *Bell v. Bell,* 849 S.W.2d 194 (Mo.App.1993), the Western District held the trial court abused its discretion in failing to grant a wife's motion to set aside a default judgment in a divorce proceeding. Although the respondent did not raise the issue of timeliness, the Western District went on to comment:

> "It makes sense that the sooner the mistake is discovered, and acted upon, the more receptive the courts should be to a motion to set aside. Prompt action to set aside a judgment is less threatening to the stability of the final judgment rule than action taken substantially later."

*Id.* at [5, 6]. Aside from the *Bell* court's "sooner better than later" observation, there is little in Missouri case law to help determine what is a reasonable time in which to move to set aside a default judgment.

Federal Rule of Civil Procedure 55(c) is the federal counterpart to Rule 74.05(c). It authorizes setting aside default judgments "in accordance with Rule 60(b)." Rule 60(b) is analogous to the Missouri rule in that it too requires motions to be filed "within a reasonable time not to exceed one year". Fed.R.Civ.P. 60(b).

Federal courts have held that motions to set aside filed within thirty days of the default judgment are within a reasonable time. *Reynal v. U.S.,* 153 F.2d 929 (5th Cir.1945). Motions filed more than ten weeks after default judgment have been held untimely. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corporation,* 383 F.2d 249 (4th Cir.1967); *U.S. v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944 (D.Ind. 1975). Federal courts have noted certain exigencies in allowing motions that might not otherwise meet the reasonable time requirement. *Phillips v. Flynn,* 61 F.R.D. 574 (E.D.Pa.1974) (confusing docket entries); *Allen Russell Pub., Inc. v. Levy,* 109 F.R.D. 315 (N.D.Ill.1985) (difficulty in obtaining counsel).

The facts of the present case establish the trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment. Defendant was advised of the default judgment one week after its entry. Defendant was garnished not once, but twice over a nine month period. The ten month delay in filing the motion to set aside the default judgment cannot be deemed reasonable. *See Atlanta Gas Light Co. v. Semaphore Advertising,* 747 F.Supp. 715 (S.D.Ga. 1990) [3] (stating ten month delay was "by no stretch of the imagination" timely).

Defendant's delay cannot be excused because of difficult circumstances beyond its control. The case presented no novel or difficult questions of law requiring extensive preparation. There was no obfuscation of the court docket and defendant was promptly notified of the default judgment. No difficulty in obtaining counsel is indicated in the record.

Granting defendant's motion to set aside the default judgment after such delay, without explanation, would imply any motion

made within the one year limit would be *de facto* reasonable. This would, in essence, read the "reasonable time" limit out of Rule 74.05(c). This we are unwilling to do.

Judgment affirmed.

GRIMM, P.J., and AHRENS, J., concur.