**Hung NGUYEN and Jennifer T. Ngo, Respondents,**

v.

**Shy Yung WANG and Miao Ling Zhou, Appellants.**

**No. ED 85878.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 17, 2006.

Llynn K. White, Ryan J. Mason, Polsinelli Shalton Welte Suelthaus, PC, St. Louis, MO, for respondents.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Shy Yung Wang and Miao Ling Zhou, appeal the judgment of the Circuit Court of the City of St. Louis denying their motion to set aside the default judgment which had been entered in favor of Respondents, Hung Nguyen and Jennifer T. Ngo. On April 28, 2004, the trial court entered a default judgment holding that Appellants shall vacate certain premises and pay Respondents $44,943.54 for past rent and damages. We affirm.[1]

On February 4, 1999, Appellants executed a commercial lease agreement ("the agreement") with Wei Chen Chang, predecessor in interest to Respondents, for the lease of property located at 3159–3161 South Grand in the City of St. Louis ("the property") for a term of five years beginning March 1, 1999 and ending February 28, 2004. Pursuant to the agreement, Appellants were obligated to pay $30,000 in annual rent payable in monthly installments of $2,500. The agreement also provided that Appellants would pay the property taxes from the year 2001 and thereafter, limited to a one percent increase from the 2000 property tax amount. Finally, the agreement provided that if Appellants failed to pay any installment of rent on time or failed to satisfy any other covenant set out in the agreement, Respondents have the option the cause the forfeiture of the lease.

According to Respondents, Appellants defaulted under the agreement for, among other reasons, failing to make their month-

Guang Ming Li, Attorney at Law, St. Louis, MO, for appellants.

---

1. Respondents' motion to dismiss the appeal is denied.

ly rent payments for September, November and December of 2003. An affidavit indicates that on February 1, 2004 Appellant Shy Yung Wang was personally served with a termination of tenancy and notice to vacate dated January 30, 2004. It was indicated in this notice that the lease would be terminated on February 15, 2004. A reply was never filed by Appellants.

On February 26, 2004, Respondents filed an unlawful detainer suit seeking possession of the property, past due rent, $4,923.70 for unpaid 2003 real estate taxes, and various other damages. On March 23, 2004, Respondents filed an affidavit evidencing that Appellant Miao Ling Zhou was served with the summons via personal service on March 7, 2004 at the property. A court date was originally set for March 25, 2004 at which Appellants failed to appear. The court date was continued to April 22, 2004. Appellants again failed to appear at the April 22, 2004 court date.

On April 28, 2004, the trial court entered a default judgment ("the default judgment") holding that Appellants shall vacate the property when the judgment is final and pay Respondents $44,943.54 for past due rent and damages under the agreement. The trial court mailed a copy of the default judgment to Appellants at the property. On May 21, 2004, the trial court issued a writ of execution in response to Respondents' execution/garnishment application, which was filed to gain possession of the property. On or about June 1, 2004, the eviction of Appellants from the property was carried out while Appellants were present at the property.[2]

On November 12, 2004, Appellants filed a motion to set aside the default judgment. On January 26, 2005, this motion was heard by the trial court. On February 4,

2005, the trial court entered a judgment denying Appellants' motion to set aside the default judgment. This appeal followed.

In Appellants first point on appeal, they argue that we have no personal jurisdiction over them as the alleged service of summons shown in court files was improper and defective or fraudulently procured without knowledge of Appellants. We assume Appellants intended to say that the trial court, rather than this court, did not have jurisdiction over them.

 Jurisdiction is a question of law that we review de novo. *City of Sullivan v. Truckstop Restaurants,* 142 S.W.3d 181, 191 (Mo.App. E.D.2004). A default judgment entered against a person over whom personal jurisdiction is lacking is void. *Cook v. Polineni,* 967 S.W.2d 687, 690 (Mo. App. E.D.1998).

 Return of service is prima facie evidence of the facts recited therein. Rule 54.22(a). The party alleging that it was never served must provide clear and convincing evidence corroborating the lack of service allegation in order to impeach the veracity of the return. *Century Financial Services v. First Bank,* 996 S.W.2d 92, 93 (Mo.App. E.D.1999).

 Appellants claim they never received a summons for the suit filed by Respondents and that service was improper, but they do not provide facts to support these conclusions. Rather, Appellants only provide bare conclusions. The record indicates that Appellant Miao Ling Zhou was personally served with a summons on March 7, 2004. Furthermore, the trial court believed the testimony of special process server, Bonnie Lewis ("Lewis"). Lewis testified that she served a summons for the unlawful detainer suit on March 7,

---

**2.** Appellants assert in their affidavits that the eviction took place on May 18, 2004, but

other evidence in the record indicates that the eviction did not occur until June 1, 2004.

2004 at the property to a male and female who responded positively when she stated the names of Appellants. Therefore, the trial court did not err in finding it had personal jurisdiction over Appellants. Point denied.

For purposes of this appeal, we will merge Appellants' final three points on appeal into one point on appeal. All three points on appeal consist of an argument that the trial court erred in failing to set aside the default judgment.

 The discretion not to set aside a default judgment is narrower than the discretion to set a default judgment aside. *Crain v. Crain,* 19 S.W.3d 170, 174 (Mo. App. W.D.2000). Nevertheless, we review a trial court's decision to deny a motion to set aside a default judgment for abuse of discretion. *Id.*

Upon a motion stating facts which constitute a meritorious defense and for good cause shown, a default judgment may be set aside. Rule 74.05(d). A motion to set aside a default judgment "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." *Id.*

 In determining whether a motion to set aside a default judgment was filed within a reasonable time, we look at the underlying circumstances surrounding the delay. *Hopkins v. Mills–Kluttz,* 77 S.W.3d 624, 626 (Mo.App. E.D.2002). One of the underlying circumstances we consider is whether the delay resulted in substantial harm to the plaintiff. *Id.*

 The trial court found that Appellants failed both the good cause and reasonable time requirements of Rule 74.05(d). We will address the issue of whether the reasonable time requirement was met by Appellants.

There is evidence in the record that the trial court mailed a copy of the default judgment to Appellants at the property within a day of the April 28, 2004 default judgment. Moreover, even though the sheriff physically evicted Appellants on or about June 1, 2004, they still failed to take any legal action until November 12, 2004. Appellants even concede they were present at the property during the eviction and that, at the least, they received knowledge of the default judgment at this time. However, they proceeded to wait over five months from the time of the eviction to file their motion to set aside the default judgment. Appellants fail to provide a sufficient explanation as to why it took them this long to file their motion to set aside the default judgment.

Furthermore, it is undisputed that Respondents have already taken action in reliance on the default judgment by re-letting the property and paying the outstanding bills owed by Appellants. As a result, Respondents would suffer substantial harm if the default judgment was set aside. Thus, considering the underlying circumstances surrounding the delay, Appellants did not file their motion to set aside the default judgment within a reasonable time. Therefore, the trial court did not abuse its discretion in denying Appellants' motion to set aside the default judgment. Point denied.

Based upon the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER III and KENNETH M. ROMINES, JJ., concur.