**CAPITAL ONE BANK (USA) NA SUCCESSOR IN INTEREST TO, CAPITAL ONE BANK, Respondent,**

v.

**Mary LARGENT, Appellant.**

**No. ED 93823.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 2010.

Melissa Cates, St. Louis, MO, for appellant.

Pamela P. Patton, St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Mary Largent (Largent) appeals from the trial court's judgment denying her Motion to Set Aside Default Judgment following entry of Judgment in Default for Capital One Bank (USA) N.A. (Capital One). We reverse and remand.

*Factual and Procedural Background*

On May 30, 2008, Capital One filed a Petition for Breach of Contract (Petition) against Largent, alleging that Largent had breached a contract for the extension of

credit, and praying for damages in the amount of $7,807.02, interest, reasonable attorney's fees, and court costs. On August 13, Largent was personally served with the Petition. Thereafter, Largent's husband (Husband) appeared for trial on November 3, and filed a Motion to Dismiss with Prejudice. That same date, the trial court entered Judgment in Default for Capital One, awarding Capital One $7,807.02 in damages, $1,533.88 in interest, and $1,401.14 in attorney's fees for a total of $10,742.04, plus court costs. This November 3, 2008 Judgment further indicated that the award would bear interest at the rate of 19.90% per annum.

On July 7, 2009, Largent filed her verified Motion to Set Aside Default Judgment, alleging, among other things, the Default Judgment was entered to her surprise and due to an excusable misunderstanding of Largent and Husband, as Largent believed that Husband could appear pro se for her because the debt was incurred during their marriage. Largent further averred that prior to the entry of the default judgment, Husband, without objection from Capital One or the trial court, had previously appeared on her behalf at two court proceedings in this matter. As a meritorious defense, Largent alleged that: she did not incur the debt charged in the Petition; she had notified Capital One on multiple occasions that the card activity was fraudulent; and Capital One had failed to respond reasonably to her communications.

Capital One filed its Response to Largent's Motion to Set Aside on September 29, 2009, arguing that Wife's eight-month delay in filing her motion was unreasonable, and disputing Wife's claimed meritorious defense. On October 8, Largent responded to Capital One's response. On October 14, 2009, the trial court, after hearing arguments and taking judicial notice of the file and the parties' response memorandums, denied Largent's Motion to Set Aside Default Judgment and declared that the November 3, 2008 judgment remained in full force and effect.

This appeal follows.

## Standard of Review

Our review of a trial court's denial of a motion to set aside a default judgment is for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686–87 (Mo. banc 2007). Although broad discretion is afforded to trial court decisions granting motions to set aside, the trial court's discretion in denying such motions is narrowed, because public policy favors resolution on cases on the merits and default judgments are regarded with distaste. *Id.*

## Discussion

In her sole point on appeal, Largent claims the trial court erred in denying, without an evidentiary hearing, her Motion to Set Aside Default Judgment, because her motion sufficiently met the pleading requirement of Rule 74.05 and established both: 1) good cause for default, in that Largent and her spouse were under the impression the credit card debt was marital, and Largent's spouse had appeared twice previously in the matter for Largent, without objection; and 2) a meritorious defense, in that a portion of the credit card debt resulted from identity theft and fraud.

To be entitled to an evidentiary hearing on a motion to set aside a default judgment, the moving party must meet the pleading requirements of Rule 74.05(d), which provides that a default judgment can be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown...." Rule 74.05(d). To determine compliance with the pleading requirements, we examine the

allegations in the defaulting party's motion, and such other matters as affidavits, exhibits, and proposed answers. *Bredeman v. Eno*, 863 S.W.2d 24, 25 (Mo.App. W.D.1993).

■ We first address Capital One's argument that Largent's motion was not filed in a timely fashion. Rule 74.05 requires that motions to set aside default judgments "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). Here, the default judgment was entered on November 3, 2008. Largent filed her motion to set aside on July 7, 2009. As Largent's eight-month delay in filing does not exceed the one-year maximum, our determination focuses on the reasonableness of the delay. *Id.*

■ In determining whether a motion to set aside a default judgment was filed within a reasonable time, we examine the circumstances surrounding the delay. *First Bank of the Lake v. White*, 302 S.W.3d 161, 168 (Mo.App. S.D.2009). In her October 8 response, Largent alleged that after the default judgment was entered against her, she sought and obtained legal counsel. Largent further alleged that after this attorney failed to take action on her behalf for six months, Largent retained her current counsel. Under these facts, undisputed before the trial court and on appeal, we cannot say that Largent's eight-month delay in challenging the default judgment was unreasonable.

■ Next, we examine Largent's motion to determine if it sufficiently states facts demonstrating good cause for setting aside the default judgment. As the party moving to set aside the default judgment, Largent has the burden to prove good cause. *Brungard*, 240 S.W.3d at 688. The rule clarifies that good cause "includes a mistake or conduct that is not intentionally

or recklessly designed to impede the judicial process." Rule 74.05(d).

Largent's verified motion alleges that Largent mistakenly believed that, as the debt was incurred during the marriage, Husband could appear on her behalf as a pro se litigant. The motion further avers that Husband had appeared on two previous occasions in the matter for Largent, who worked full-time, and that neither Capital One nor the trial court had objected to these appearances. Capital One first objected during Husband's third appearance, claiming Husband was unable to appear for Largent and proceed pro se because the credit card was a "single use card" and the suit was only against Largent.

■ "Prompt action by a movant assists in establishing the defendant's good faith required under Rule 74.05(d)." *Tinsley v. B & B Engines, Inc.*, 27 S.W.3d 859, 862 (Mo.App. E.D.2000). Despite Largent's failure to act more promptly to set aside the judgment, we conclude Largent's motion contained sufficient allegations of good cause for setting aside the default. "Failure to appear is not by itself sufficient grounds for taking a judgment by default. The failure to appear must be 'inexcusable' for that to justify such a judgment." *Sastry v. Sastry*, 302 S.W.3d 264, 267 (Mo. App. E.D.2010) (citation omitted). Significantly, the motion's allegations show this is not a situation where the defaulting party simply ignored the summons or completely failed to respond to the proceedings in any manner. Rather, Largent's spouse appeared on three occasions, and even filed a Motion to Dismiss in the matter. We do not find Largent's and Husband's belief that he could appear and defend against the Petition, and Husband's attempt to do so pro se, constitutes a mistake or conduct intentionally or recklessly designed to impede the judicial process. Rule 74.05(d).

Moreover, the fact that Husband appeared to defend the charges on two prior occasions without objection from Capital One, lends support to a conclusion that Largent's belief was held in good faith. We conclude that Largent made no attempt of any kind to impede the judicial process, and that therefore good cause exists for setting aside the default judgment. *J.E. Scheidegger Co. Inc. v. Manon,* 149 S.W.3d 499, 501–02 (Mo.App. S.D.2004).

Finally, we must determine if the motion sufficiently pleaded a meritorious defense. To plead facts constituting a meritorious defense, Largent must demonstrate an arguable theory that would defeat Capital One's claim. *Bredeman,* 863 S.W.2d at 26. Here, Largent's verified motion alleged the following facts, supported by exhibits, that could materially affect the outcome of Capital One's litigation: 1) Largent was the victim of identity theft; 2) Largent had not incurred the charged debt; and 3) although Largent had informed Capital One that she disputed the credit card charges on this basis, Capital One had failed to reasonably respond to her communications. A defaulting party satisfies the meritorious-defense requirement if his motion sets forth allegations that, if supported by credible evidence, would defeat the plaintiff's claim. *Sastry,* 302 S.W.3d at 266–67.

We find Largent's verified motion and supporting exhibits demonstrate an arguable theory that could defeat Capital One's breach-of-contract claim. Accordingly, the trial court abused its discretion in denying Largent's motion to set aside the default judgment without an evidentiary hearing. Point granted.

### Conclusion

The order denying the motion to set aside is reversed and the cause is remanded with instructions to set aside the prior judgment and proceed with the litigation.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.