

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **ENDLESS DISTRIBUTION, LLC,** | ) | |
| | ) | **WD85379** |
| **Appellant,** | ) | |
| v. | ) | **Opinion Filed:** |
| | ) | |
| **LAKE BREEZE FARMS, LLC,** | ) | **December 27, 2022** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

**Appeal from the Circuit Court of Cole County, Missouri
Honorable Jon Edward Beetem, Judge**

**Before Division Two:
Lisa White Hardwick, P.J., Thomas N. Chapman and Janet Sutton, JJ.**

Endless Distribution, LLC (Endless Distribution) obtained a default judgment against Lake Breeze Farms, LLC (Lake Breeze) for $928,979.77 after Lake Breeze failed to respond to Endless Distribution's breach of contract complaint. Following default judgment under Rule 74.05,[1] Lake Breeze moved to vacate or otherwise modify the default judgment. After a hearing, the Cole County Circuit Court (court) entered a judgment sustaining the motion to set aside the default judgment. Endless Distribution appeals. The judgment vacating the default judgment is reversed.

---

[1] All rule references are to the Missouri Supreme Court Rules 2021, unless otherwise indicated.

## Factual and Procedural Background

In July 2021, Endless Distribution, a Missouri limited liability company, contracted with Lake Breeze, a New York hemp supplier, to purchase 325,000 pounds of hemp biomass to be delivered in batches. James Begley (Begley) signed the contract on Lake Breeze's behalf. In September 2021, Endless Distribution filed suit against Lake Breeze and against Begley alleging breach of contract. Endless Distribution sued due to "Defendant's repudiation of the contract" and requested compensatory damages, costs of suit and prejudgment interest, reasonable attorney's fees, and additional just and proper relief.

Both Begley and Lake Breeze were served on September 17, 2021, with Begley's return of service filed on September 21, and Lake Breeze's return of service filed on September 22. Lake Breeze's summons stated, "If you fail to file your pleading [within thirty days], judgment by default will be taken against you for the relief demanded in this action." Neither Begley nor Lake Breeze filed an answer or otherwise responded to Endless Distribution's verified petition.

Endless Distribution then filed a motion for default judgment against only Lake Breeze in October 2021, including an affidavit and exhibits A-1 and A-2 supporting their sought damages award. Without conducting a hearing, the court issued an interlocutory order of default against Lake Breeze on November 3, and Endless Distribution filed a proposed default judgment on November 8. On November 12, 2021, the court entered a default judgment against Lake Breeze, awarding Endless Distribution damages of $920,999.06 plus $7,475.00 in attorney's fees and $505.71 in costs, for a total judgment of $928,979.77. Endless Distribution then sought to register

2

the judgment as a foreign judgment in New York.

On January 7, 2022, Lake Breeze filed a motion to vacate or otherwise modify the default judgment under Rule 74.06(b).[2] The court scheduled a WebEx hearing on the motion for February 14, 2022, and indicated in a docket entry that a court reporter was needed. Nonetheless, the court held the February 14 hearing without a court reporter.[3] Though we have no hearing transcript, Lake Breeze nonetheless concedes in its brief that "its Motion to Vacate or Set Aside was not verified by the client, and that an accompanying affidavit or live testimony from an officer of Lake Breeze, LLC was not submitted at argument on February 14, 2022." Lake Breeze also concedes that its counsel "*did not present live testimony or affidavits [at the hearing] to assert that his*

[2] We note that Lake Breeze's motion to vacate or otherwise modify default judgment references Rule 75.01 in the title but the motion's body cites Rule 74.06(b). The parties' briefing and argument on appeal, however, rely on Rule 74.05(d). The underpinning of Lake Breeze's argument is based on the proof of damages required by Rule 74.05(d). In Lake Breeze's brief, it states that the argument presented to the trial court at the hearing on the motion to vacate was that the damages calculation was flawed because no hearing was held. This argument can only be based on language contained in Rule 74.05, not Rule 74.06. We, therefore address the parties' arguments based on the application of Rule 74.05 to the case before us. Rule 74.05(d) states:

> (d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney fees and expenses incurred as a result of the default by the party who requested the default. A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04, 78.06, or 81.05.

[3] Lake Breeze attached an email from a Cole County court reporter in an "addendum" to its briefing to this Court. In the addendum, the court reporter wrote:

> After reviewing the record on CaseNet, an entry on 1-21-2022 requests the appearance of a court reporter for a hearing to be held on 2-14-2022. However, on that date a court reporter was not requested and, therefore, a record was not provided. By this e-mail, I am acknowledging that, after [Lake Breeze's counsel's] request for an appeal transcript, there was no evidence taken for a hearing held on 2-14-2022.

3

*client had a meritorious defense* to the initial claim; in fact, [c]ounsel conceded that his client was in violation of the contract between [the parties]." (Emphasis added).

On April 25, 2022, the court entered a judgment sustaining Lake Breeze's motion to set aside the default judgment, without explanation. Endless Distribution appeals.

**Standard of Review**

"Ordinarily, a decision on a motion to set aside a default judgment is reviewed for an abuse of discretion." *Scott ex rel. Scott v. Borden*, 648 S.W.3d 68, 72 (Mo. App. W.D. 2022) (citing *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009)). "An abuse of discretion occurs when the 'ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful consideration.'" *Yee v. Choi*, 641 S.W.3d 272, 278–79 (Mo. App. W.D. 2021) (quoting *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. W.D. 2021)). Since "courts favor a trial on the merits rather than default, the discretion not to set aside a default judgment is narrower than the discretion to set aside such a judgment." *Engine Masters, Inc. v. Kirn's, Inc.*, 872 S.W.2d 644, 645 (Mo. App. E.D. 1994).

We generally give "significant deference to the [trial] court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the distaste our system holds for default judgments." *Vogel*, 620 S.W.3d at 111 (citation omitted). We likewise "defer to the circuit court's credibility determinations and the weight it gives the evidence." *Yee*, 641 S.W.3d at 279 (citing *Hanlon v. Legends Hosp., LLC*, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019)).

**Legal Analysis**

Endless Distribution argues on appeal that the trial court "abused its discretion by setting aside the default judgment because the motion is not self-supporting and Lake Breeze did not present any evidence to support it and therefore Lake Breeze did not satisfy the 'good cause' and 'meritorious defense' requirements of setting aside a default judgment."

Rule 74.05(d) governs setting aside default judgments. Rule 74.05(d) provides that a default judgment may be set aside when (1) the motion is timely filed,[4] (2) the motion established good cause for setting aside the judgment, and (3) the motion pled facts constituting a meritorious defense. Rule 74.05; *see Engine Masters, Inc.*, 872 S.W.2d at 645.

"The party seeking to set aside a default judgment bears the burden of proof to convince the trial court it is entitled to relief." *Dorsey v. JPAM Consulting, Inc.*, 644 S.W.3d 297, 300 (Mo. App. E.D. 2022) (citing *Irvin v. Palmer*, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019)). "[A] motion to set aside a default judgment does not prove itself and '*must* be verified or supported by affidavits or sworn testimony produced at the hearing on the motion.'" *Irvin*, 580 S.W.3d at 23 (quoting *Ct. of 5 Gardens Condo. Ass'n v. 10330 Old Olive, LLC*, 326 S.W.3d 834, 837 (Mo. App. E.D. 2010)). "To determine compliance with the pleading requirements, we examine the allegations in the defaulting party's motion, and such other matters as affidavits, exhibits, and proposed answers." *Cap. One Bank (USA) v. Largent*, 314 S.W.3d 364, 366–67 (Mo.

---

[4] We do not further discuss timeliness, since Lake Breeze timely filed its motion to vacate within two months of final judgment, sufficiently within "one year after the entry of the default judgment" required by Rule 74.05.

App. E.D. 2010) (citing *Bredeman v. Eno*, 863 S.W.2d 24, 25 (Mo. App. W.D.1993)).

As *Dorsey v. JPAM Consulting, Inc.*, states:

> 'Conclusory and uncorroborated allegations are insufficient to satisfy the good cause element of [a] motion to set aside default judgment.' Bare allegations without evidentiary support in the form of an affidavit, deposition, or live testimony or a verified motion are insufficient grounds for setting aside a default judgment.

644 S.W.3d at 301 (citing *Irvin*, 580 S.W.3d at 23).

Rule 74.05 details that "good cause" includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." § 74.05; *Bredeman*, 863 S.W.2d at n.1. "[A] trial court is free to disbelieve statements made by a moving party in its affidavits" to establish good cause. *Vogel*, 620 S.W.3d at 110 (citation omitted).

A movant must also show a meritorious defense. Rule 74.05(d). "There is no universal standard establishing the components of a meritorious defense, but it has been interpreted to mean any factor likely to materially affect the substantive result of the case." *Hanlon*, 568 S.W.3d at 533 (citation omitted); *see also Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 792 (Mo. App. S.D. 2006). "[T]he party in default need not present extensive evidence to make some showing . . . of at least an arguable theory of defense" since "the concept of meritorious defense is not intended to impose a high hurdle, but is designed to allow the case to be decided on its merits where there are legitimate issues to be considered." *Heintz Elec. Co.*, 185 S.W.3d at 791–92 (citations omitted). "It is enough that some showing be made of the existence of at least an arguable theory from which a defense may be made." *Id.* at 792.

Lake Breeze did not demonstrate good cause or a meritorious defense supporting its motion to vacate or otherwise modify the default judgment. First, Lake Breeze

6

alleged that "Good cause for vacating or otherwise modifying the November 12, 2021[,] judgment exists because of the circumstances surrounding the taking of the default." Lake Breeze's alleged good cause mistake for failing to answer was that Lake Breeze "believed that he would be called to appear in [c]ourt, per the terms of the summons."[5] Lake Breeze also alleged good cause because Lake Breeze lacked "any knowledge" of the pending proceeding until "*after* the [c]ourt entered its Order of Default Judgment." Lake Breeze did not, however, verify these allegations of good cause "by affidavits or sworn testimony produced at [a] hearing on the motion." *Ct. of 5*, 326 S.W.3d at 837. Without proper verification through affidavits or testimony, Lake Breeze's bare allegations failed to show good cause.[6]

Second, Lake Breeze did not even attempt to plead facts constituting a meritorious defense in its motion.[7] Nor did Lake Breeze show a meritorious defense "by affidavits or sworn testimony" at the hearing on its motion.

Lake Breeze admits "that its Motion to Vacate or Set Aside was not verified by

---

[5] In Lake Breeze's motion to vacate or otherwise modify the default judgment, Lake Breeze stated that, "Respondent, acting in both his individual capacity and as representative of the corporate Respondent, believed that he would be called to appear in [c]ourt, per the terms of the summons." Endless Distribution sought and obtained default judgment against Lake Breeze alone. Thus, we understand this point to mean that Begley, as the representative of Lake Breeze, "believed that he would be called to appear in [c]ourt, per the terms of the summons.

[6] Lake Breeze's summons for personal service, served on September 17, 2021, read:

> You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 [thirty] days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

[7] Lake Breeze alleged only two of the three requirements necessary for its motion to vacate, stating, "As Respondent has satisfied both the temporal and cause requirements set forth in Rule 74.06, and because Missouri law strongly disfavors default judgments, this Honorable Court would be well within its discretion to grant the instant motion."

7

the client, and that an accompanying affidavit or live testimony from an officer of Lake Breeze, LLC was not submitted at argument" and that "[a]t argument before the [c]ourt on February 14, 2022, [counsel] did not present live testimony or affidavits to assert that his client had a meritorious defense to the initial claim; in fact, [c]ounsel conceded that his client was in violation of the contract between [the parties]."[8]

Lake Breeze clearly fails to meet its burden to plead, much less show, two of the three necessary requirements—good cause and a meritorious defense—for the court to properly vacate its prior default judgment. "[F]ailure to prove either element requires denial of a motion to set aside a default judgment." *Vogel*, 620 S.W.3d at 111; *Hanlon*, 568 S.W.3d at 532 ("Failure to establish either the 'meritorious defense' element or the 'good cause' element of a motion pursuant to Rule 74.05(d) is fatal to the motion."). *Beeman v. Beeman* properly notes:

> Rule 74.05(d) states these two prerequisites in the conjunctive. The trial court, therefore, can set aside a default judgment only if the party's motion alleges facts that establish both prerequisites. Thus, even if the party's motion to set aside the default judgment states facts constituting a meritorious defense, if it does not also state facts constituting good cause, the trial court cannot grant the motion.

296 S.W.3d 514, 517 (Mo. App. W.D. 2009). Likewise, "[w]here the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the

---

[8] Lake Breeze's brief claims that its argument at the hearing on the motion to vacate focused on the calculation of damages and that the judgment was inherently flawed because no hearing was held as to a damages amount. (Resp.Br. pg. 5). Nowhere does the written motion to vacate mention damages or the process by which the damages were determined. Lake Breeze also could have filed a post-trial motion pursuant to Rule 75.01 for up to 30 days after entry of default judgment challenging the damages award or entry of default judgment in its entirety but failed to do so. While we do not address the validity of Lake Breeze's attack on the damages award, we do note that the court appears to have correctly relied on the attachments to Endless Distributions' motion for default judgment, including the contract, an affidavit, and a pricing report in its damages calculation. (LF D15, D9, Ex. A, A1, A2).

8

circuit court has no basis for granting the motion." *Ct. of 5*, 326 S.W.3d at 837 (citation omitted).

As *Plasmeier v. George* states:

[W]e recognize the important policies favoring the resolution of lawsuits on the merits and disfavoring default judgments. Those policies, however, must be considered together with the countervailing and fundamental policy on which the administration of justice rests—that parties obey and respect orders of the court to appear or respond or otherwise to take some action.

575 S.W.3d 485, 488 (Mo. App. E.D. 2019) (citation omitted). Though we generally give "significant deference to the [trial] court's decision to set aside a default judgment," in this instance, where the record is utterly bare of any showing of good cause for the default, and where the movant failed to even plead—much less make a showing of—a meritorious defense, the court abused its discretion in vacating the default judgment. *See Vogel*, 620 S.W.3d at 111.

## Conclusion

The trial court's judgment setting aside the default judgment is reversed.

_____
Janet Sutton, Judge

Hardwick, P.J. and Chapman, J. concur.

9