

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| 4021 IOWA, LLC, | ) | No. ED111747 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St Louis |
| vs. | ) | |
| | ) | Honorable Michael F. Stelzer |
| K&A DELMAR PROPERTY, LLC, ET AL., | ) | |
| | ) | |
| Respondents. | ) | FILED: December 19, 2023 |

## Introduction

4021 Iowa, LLC ("Iowa") appeals from the circuit court's judgment granting a motion to set aside a default judgment filed by K&A Delmar Property, LLC ("K&A"), Daggett Property, LLC ("Daggett"), attorney Joseph K. Robbins ("Robbins"), and Justin M. Hollensteiner ("Hollensteiner") (collectively, "Respondents"). Iowa raises four points on appeal alleging the circuit court erred in setting aside the default judgment. Point One argues Robbins' professional negligence in failing to file a court-ordered amended answer amounted to recklessness that was not good cause to set aside the default judgment under Rule 74.05(d).[1] Point Two maintains Respondents did not plead or prove they filed the motion to set aside the default judgment within a reasonable time under Rule 74.05(d) because Respondents had notice the judgment was issued, allowed repeated garnishments in satisfaction of the judgment, and waited 360 days to file the

---

[1] All Rule references are to Mo. R. Civ. P. (2022), unless otherwise noted.

motion. Point Three contends Respondents lacked a meritorious defense under Rule 74.05(d). Lastly, Point Four argues that Respondents' claim that damages were erroneously awarded does not warrant setting the default judgment aside.

Respondents neither averred nor offered any evidence in the record that their motion was timely filed, or that the 360-day delay in filing the motion to set aside was reasonable due to underlying circumstances. For that reason, Respondents were not entitled to have the default judgment set aside under Rule 74.05(d). Accordingly, we reverse the circuit court's judgment. We remand for the circuit court to reinstate the default judgment and to reassess its award of damages by making any necessary recalculations to correct the apparent facial mathematical error.

Factual and Procedural History

Iowa is the assignee and successor in interest to Blackline Real Estate, LLC ("Blackline"). Blackline entered into a contract (the "Contract') with K&A to purchase a commercial building (the "Property") on December 17, 2018. After the sale fell through, Iowa filed a Petition in the circuit court against Respondents alleging breach of contract, fraudulent misrepresentation, unlawful conspiracy, and alter ego. Iowa served Respondents with a summons and the Petition, and Respondents filed an answer. Iowa moved to strike the answer as deficient under Rule 55.07. The circuit court granted Iowa's motion to strike and ordered Respondents to file an amended answer within ten days.

Respondents failed to file an amended answer. Iowa subsequently sought a default judgment, which the circuit court granted on March 8, 2022.

## I. The Default Judgment

The following facts are stated as presented in the default judgment.

2

Blackline assigned the Contract to Iowa on January 20, 2020. Two days later, the owner of an adjacent property filed an action in the circuit court against K&A. The owner of the adjacent property also filed a notice of lis pendens for the Property indicating litigation was pending. After Iowa discovered the lis pendens, K&A and Robbins assured Iowa that the lis pendens would be removed and that Iowa would be conveyed clear title to the Property at closing, which the parties agreed to delay. Iowa relied on K&A and Robbins' representations and incurred expenses in pursuing its redevelopment plans for the Property. When it became clear to Iowa that K&A and Robbins would be unable to have the lis pendens removed before closing, Iowa again agreed to further delay the closing date.

At closing, Iowa tendered performance. Neither K&A nor Robbins appeared at closing or otherwise performed under the Contract. K&A and Robbins did not inform Iowa that the Property was being sold at a tax foreclosure sale for delinquent taxes. At the tax sale, K&A and Robbins purchased the Property through Daggett, a limited liability company of which Hollensteiner—Robbins' son-in-law—was a member. Their reacquisition of the Property eliminated all rights or interests in the Property claimed by others, including Iowa.

These facts were recited in the default judgment entered by the circuit court on March 8, 2022. The circuit court concluded that Robbins and Hollensteiner were the sole members of K&A and Daggett, respectively, both of which had become insolvent. The circuit court found Respondents breached the Contract by using entities over which they had sole control to unlawfully and fraudulently eliminate Iowa's claims to the Property. Based on two affidavits Iowa submitted in support of an award of damages, the circuit court determined Iowa was entitled to $70,595.38 in direct damages, $5,414.08 in attorneys' fees, and $169,207.00 in lost-

3

opportunity damages. The circuit court awarded damages totaling $257,449.92, with 9% post-judgment interest.[2]

## II.     Setting Aside the Default Judgment

Three hundred and sixty days after the circuit court issued its default judgment, on March 3, 2023, Respondents moved to set it aside for good cause on the following grounds: (1) Respondents' failure to file the amended answer was the result of mistake and/or the negligent conduct of Robbins, who failed to file the amended answer due to "a constellation of issues," including his and his office's failure to properly file pleadings and calendar deadlines and demands; (2) Respondents had a meritorious defense through a mutual release (the "Release") signed by K&A and Blackline in August 2020 canceling the Contract prior to Iowa's purported assignment; and (3) the damages awarded in the default judgment exceeded that which was requested in the Petition and were not supported by sufficient evidence. Respondents' motion did not address whether it was timely filed within a reasonable time not to exceed one year.

In support of the motion, Respondents attached affidavits from Robbins and Hollensteiner, the Release, and Iowa's affidavit regarding damages. Hollensteiner, in his affidavit, attested that he retained the legal services of his father-in-law, Robbins, and relied on Robbins's legal advice pertaining to this matter, including the filing of necessary papers, answering of motions, and responding to court orders. Robbins, in his affidavit, stated that he was aware of the trial court's order to file an amended answer. Robbins further attested:

> It was my responsibility to prepare and file the appropriate amended answer on behalf of all defendants, including Hollensteiner, K&A[,] and Daggett. I failed to do so. . . . I failed to act as an ordinarily careful lawyer in response to the October 12, 2021 Order granting all defendants 10 days to file an amended answer.

---

[2] The three enumerated damage amounts total $245,216.46.

4

Robbins stated Iowa did not send, nor did he receive, notice of Iowa's intent to call its motion for default judgment for a hearing. Robbins attached an exhibit of the docket, which showed Iowa noticed up its default motion hearing via service on all counsel of record through Missouri's Electronic Filing System on December 13, 2021.

Iowa opposed Respondents' motion to set aside, arguing the motion was untimely filed, failed to state a meritorious defense, and showed no good cause to set aside the default judgment. Iowa pointed out that, for the preceding six months, it had been garnishing K&A twice monthly from September 2022 through February 2023 to satisfy the default judgment, and Robbins was sent notice of the garnishments.

Following a hearing, the circuit court granted Respondents' motion to set aside the default judgment. This appeal follows.[3]

## Points on Appeal

Iowa raises four points on appeal. Point One contends the circuit court erred in setting aside the default judgment because Robbins' disregard of the trial court's rules and orders constituted recklessness that was not good cause under Rule 74.05(d). Point Two argues the circuit court erred in setting aside the default judgment because Respondents did not plead or show they filed their motion to set aside within a reasonable time under Rule 74.05(d). With regard to Point Two, Iowa notes that Respondents received notice of the default judgment from the circuit court, did not object to the bimonthly garnishments and disbursements that persisted for six months, and waited 360 days after the default judgment was entered before filing the

---

[3] The trial court's judgment and order granting the motion to set aside the default judgment under Rule 74.05(d) is final and appealable. See Saturn of Tiffany Springs v. McDaris, 331 S.W.3d 704, 708–09 (Mo. App. W.D. 2011) (internal quotation omitted) (noting that because a motion to set aside a default judgment filed under Rule 74.05(d) is an independent action, a judgment granting or denying a motion to set aside a default judgment is a final judgment eligible for immediate appellate review).

5

motion to set aside. Point Three maintains the circuit court erred in setting aside the default judgment because Respondents did not demonstrate a meritorious defense under Rule 74.05(d). Lastly, Point Four asserts the circuit court could have set aside the damage award independently of the default judgment.

Standard of Review

We review a circuit court's grant of a Rule 74.05(d) motion to set aside a default judgment for an abuse of discretion. Brungard v. Risky's Inc., 240 S.W.3d 685, 686 (Mo. banc 2007) (internal citations omitted). A circuit court "abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." Behavioral Sci. Inst., Inc. v. Transitional Ctr., Inc., 669 S.W.3d 378, 381 (Mo. App. E.D. 2023) (internal quotation omitted).

We have traditionally afforded great deference to a circuit court's decision to set aside a default judgment because public policy favors the resolution on the merits. Brungard, 240 S.W.3d at 686 (internal quotation omitted). Nevertheless, we afford such deference only when the defaulted party supported its Rule 74.05(d) motion with some evidence—whether by affidavit, exhibit, or live testimony. See id. at 687 (internal citation omitted); Behavioral Sci. Inst., 669 S.W.3d at 381 (quoting Liora Tech, Inc. v. United Med. Network, Inc., 662 S.W.3d 334, 337 (Mo. App. E.D. 2023)); Piva v. Piva, 610 S.W.3d 395, 398 (Mo. App. E.D. 2020) (internal citation omitted). "While Missouri law generally favors disposition on the merits, this 'general policy . . . "must be carefully applied to the facts of each case in the interest of justice; for, the law defends with equal vigor the integrity of the legal process and procedural rules and, thus, does not sanction the disregard thereof."'" Behavioral Sci. Inst., 669 S.W.3d at 381 (quoting Xtra Lease, LLC v. Pigeon Freight Servs., Inc., 662 S.W.3d 309, 313 (Mo. App. E.D. 2023) (quoting Sprung v. Negwer Mats., Inc., 775 S.W.2d 97, 100 (Mo. banc 1989))).

6

## Discussion

## I.    Point Two—Reasonable Timing under Rule 74.05(d)

Rule 74.05(d) governs motions to set aside a default judgment. Relevant to this appeal, the rule provides:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. ***The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.***

Rule 74.05(d) (emphasis added).

"A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." Behavioral Sci. Inst., 669 S.W.3d at 381 (quoting In re Marriage of Callahan, 277 S.W.3d 643, 644 (Mo. banc 2009)). The party seeking to set aside a default judgment under Rule 74.05(d) bears the burden to plead and prove that they are entitled to relief. Id. (citing Pigeon Freight, 662 S.W.3d at 313); Wooten v. Wentworth Ent. Grp., LLC, 552 S.W.3d 118, 122 (Mo. App. S.D. 2018) (internal citation omitted).[4] Missouri courts have interpreted Rule 74.05(d) as authorizing the circuit court to set aside a default judgment if the moving party establishes all three of the following: (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) that the motion was filed within a reasonable time not to exceed one year. Behavioral Sci. Inst., 669 S.W.3d at 381 (citing Irvin v. Palmer, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019)). Failure of the movant to prove any of these requirements mandates denying the motion to set aside the default judgment. See Wooten, 552 S.W.3d at 122 (internal citation omitted). Indeed, although more caselaw has focused on analyzing the prongs of good cause and a meritorious defense, a movant's failure to comply with

---

[4] A movant is entitled to an evidentiary hearing on a motion to set aside a default judgment when the motion satisfies Rule 74.05(d)'s pleading requirements. Vang v. Barney, 480 S.W.3d 473, 476 (Mo. App. W.D. 2016) (internal quotation omitted).

7

the timing requirement of the rule is grounds for denial of the motion. See id.; Engine Masters, Inc. v. Kirn's, Inc., 872 S.W.2d 644, 645–46 (Mo. App. E.D. 1994).

This Court has recognized that, in order to give meaning to every word in Rule 74.05(d), as we must, we cannot conflate the phrases "within a reasonable time" and "not to exceed one year." Engine Masters, 872 S.W.2d at 646 (noting the phrase "reasonable time" serves to circumscribe the outer limit of one year). Determining that the motion was filed within one year is merely the first step of the inquiry; the second step tasks the reviewing court with determining whether, based on the explanation provided in the motion filings, the time in which the party filed its motion to set aside was "reasonable." See id. Where there is a significant delay between the issuance of the default judgment and the filing of a motion to set it aside, such as the 360 days here, "[g]ranting [a] motion to set aside the default judgment after such delay, without explanation, would imply *any* motion made within the one-year limit would be de facto reasonable." Id. at 646–47 (emphasis added) (holding that a ten-month filing delay was not de facto reasonable just because it was filed within one year). "This would, in essence, read the 'reasonable time' limit out of Rule 74.05[d] . . . [which] we are unwilling to do." Id.

In this case, the circuit court issued the default judgment on March 8, 2022. Respondents filed their motion to set aside the default judgment on March 3, 2023. Although Respondents filed their motion within one year, the question remains whether the delay of 360 days between the entry of default judgment and Respondents' motion to set aside that default judgment violated the "reasonable time" limitation. See id. at 645–46.

"In determining whether a motion to set aside a default judgment was filed within a reasonable time, we examine the circumstances surrounding the delay." Piva, 610 S.W.3d at 401 (citing Capital One Bank (USA) NA Successor in Interest to, Capital One Bank v. Largent, 314

8

S.W.3d 364, 367 (Mo. App. E.D. 2010)). Importantly, the movant must explain the factual circumstances justifying the delay and adduce evidence thereof, such as in the form of affidavits, exhibits, or testimony. See id. at 398 (internal citation omitted). Here, Respondents bore the burden to present evidence of the underlying circumstances surrounding their 360-day delay. First Bank of The Lake v. White, 302 S.W.3d 161, 168 (Mo. App. S.D. 2009) (internal citations omitted); see, e.g., Capital One Bank, 314 S.W.3d at 367 (finding a delay of eight months was reasonable where the movant attested she obtained new counsel after the first counsel failed to take action for six months); Hammond v. Hammond, 895 S.W.2d 245, 247 n.3 (Mo. App. E.D. 1995) (finding a delay of nine months was reasonable where it was established that the movant had been residing abroad). Given the rule language, any delay up to one year may be deemed reasonable depending on the underlying circumstances demonstrated by the movant. See Engine Masters, 872 S.W.2d at 646; see e.g., Hopkins v. Mills-Kluttz, 77 S.W.3d 624, 626–27 (Mo. App. E.D. 2002) (finding a delay of 362 days was reasonable where the movant alleged the delay did not adversely affect the plaintiff given that the suit had been subject to other major delays, including a four-year delay between the issuing of the default order and the default judgment and another eleven-month delay before the plaintiff attempted to execute on the judgment).

In support of its argument that Respondents' 360-day delay was unreasonable, Iowa relies on Nyugen v. Wang, 182 S.W.3d 688 (Mo. App. E.D. 2006) and White, 302 S.W.3d 161, which affirmed findings that delays of 198 days and 332 days, respectively, were unreasonable under Rule 74.05(d). In Nguyen, the record showed the movant received notice of the default judgment from the circuit court and failed to provide a sufficient explanation as to why it took so long after the judgment was issued to take legal action, even after movant was evicted from the subject premises. Nguyen, 182 S.W.3d at 691. Similarly, in White, the record showed the

9

movants were content to take no action for 234 days after being apprised of the default judgment against them via a letter from plaintiff's counsel (and 332 days after the judgment had been issued). White, 302 S.W.3d at 167–68. White noted that while it might have been reasonable for the movants to wait several weeks to file their motion given correspondence indicating a response from the opposing party would be forthcoming, waiting 234 days for such a response strained the bounds of reason and credulity. Id.

Where, as here, the circuit court's judgment is silent as to its reasoning for concluding the motion was timely filed, we look favorably to the record for evidence in support of the judgment. See Behavioral Sci. Inst., 669 S.W.3d at 381 (quoting Liora Tech, 662 S.W.3d at 337) (noting we consider whether there was a sufficient factual basis for the circuit court's determination under the totality of the circumstances). Even viewed favorably, we cannot glean from the record before us that Respondents offered *any* explanation to the circuit court of underlying circumstances to support a finding that the motion was timely filed. See Wooten, 552 S.W.3d at 122 (internal citation omitted); see also White, 302 S.W.3d at 168; Nguyen, 182 S.W.3d at 691.

First, Respondents did not assert that their motion was timely filed. See Behavioral Sci. Inst., 669 S.W.3d at 381 (citing Pigeon Freight, 662 S.W.3d at 313) (noting the movant has the burden to plead and prove the facts necessary to set aside the default). Even had Respondents stated that the motion was timely filed, bare statements in a motion would not be evidence. See id. (quoting Callahan, 277 S.W.3d at 644) (noting motions to set aside default judgments are not self-proving). Likewise, Respondents submitted no affidavit in support of the motion attesting that the motion was timely filed, and even had it done so, the affidavit alone would not have been sufficient if it contained mere conclusory statements. See id. at 382–83 (finding conclusory

reiterations of Rule 74.05(d) in a movant's affidavit are insufficient to set aside a default judgment).

Next, Respondents offered *no* circumstantial reason for their filing delay. While our standard of review affords significant deference to the circuit court's findings of fact, here the Respondents simply provided no statements of fact in their motion or affidavits that could support a finding that their motion was timely filed. See id. at 381 (quoting Liora Tech, 662 S.W.3d at 337); Piva, 610 S.W.3d at 398 (internal citation omitted). Instead, Respondents' Rule 74.05(d) motion filings presented an account of circumstances *preceding* the issuing of the default judgment. Specifically, Respondents alleged Robbins' calendaring mistake constituted good cause for their failure to comply with the circuit court's order to file an amended answer within ten days. Without assessing the merits of Respondents' explanation of good cause, the record is clear that Respondents offered no account of any circumstances that *followed* the entry of the default judgment and caused a 360-day delay in filing their motion to set aside said judgment. The law is clear that Respondents were obligated to demonstrate to the circuit court that they met *all three rule requirements* set forth in Rule 74.05(d), including that their motion was filed within a reasonable time not to exceed one year. See Behavioral Sci. Inst., 669 S.W.3d at 381 (citing Irvin, 580 S.W.3d at 23); Wooten, 552 S.W.3d at 122 (internal citation omitted). Respondents did not do so and instead wholly neglected to address the timeliness of their motion. The record is thus devoid of evidence on which we can rely to affirm the judgment. See Behavioral Sci. Inst., 669 S.W.3d at 381 (quoting Liora Tech, 662 S.W.3d at 337).

Additionally, although not required to do so, Iowa offered evidence against the timeliness of Respondents' motion. See Wooten, 552 S.W.3d at 122 (internal citation omitted). Iowa produced an exhibit showing it issued and served garnishments on Respondents in satisfaction of

11

the default judgment. Iowa collected disbursements twice monthly for six months without any objection *prior* to Respondents' filing their motion. These facts suggest that Respondents knew about the entry of the default judgment yet took no prompt action to set it aside. See Nguyen, 182 S.W.3d at 691; Engine Masters, 872 S.W.2d at 646 (finding a filing delay of ten months was unreasonable where the movant was advised of the default judgment one week after its entry and was garnished twice over a nine-month period).

Because Respondents did not meet their burden to plead and prove facts regarding the circumstances surrounding the delay, the record contains no factual support of the circuit court's finding that the motion to set aside was timely filed under Rule 74.05(d). See Piva, 610 S.W.3d at 401 (citing Capital One Bank, 314 S.W.3d at 367); Wooten, 552 S.W.3d at 122. Again, merely filing the motion within one year of the default judgment does not satisfy the rule's explicit language requiring the motion be filed within a reasonable time not to exceed one year. See Engine Masters, 872 S.W.2d at 646–47. Because the record contains no averment or evidence from Respondents that their 360-day delay was reasonable due to some underlying circumstance, we must find the trial court abused its discretion in granting Respondents' motion to set aside the default judgment. See Wooten, 552 S.W.3d at 122 n.2. Point Two is granted.

Because Point Two finds that Respondents failed to meet one of the three Rule 74.05(d) requirements, we do not reach the other two prongs—good cause and a meritorious defense— raised in Points One and Three. See id. Point Four is a claim raised in the alternative were we to have denied the first three points, thus Point Two resolves the entire appeal.[5] Nevertheless, we

---

[5] Iowa's Point Four claims that if the circuit court had granted the motion to set aside on the basis of an issue as to damages, then the circuit court erred because it could have separately granted a hearing to reconsider damages without setting aside the default judgment as to liability. Because we hold that Respondents did not file their motion within a reasonable time not to exceed one year, we need not address Respondents' complaints in their untimely motion that the default judgment erroneously determined damages. Respondents had the opportunity to challenge the award of damages in the default judgment after it was entered in a nunc pro tunc motion to correct the apparent summation error or more broadly on additional grounds in its motion to set aside, had the motion been timely filed.

acknowledge a discrepancy of $12,233.46 in the default judgment between the itemized damages and fees and their summed total. Pursuant to Rule 84.14, we could correct the apparent mathematical error in the default judgment to $245,216.46 without remand. See Schumert v. Dreyer, 481 S.W.3d 885, 890 n.9 (Mo. App. E.D. 2016) (quoting DeBaliviere Place Ass'n v. Veal, 337 S.W.3d 670, 679 (Mo. banc 2011)). However, because we are already remanding this matter to the circuit court for the reinstatement of the default judgment, and because we do not know whether the error originates in the total or in the itemized damages, the circuit court may also perform any necessary recalculations to correct the apparent summation error. See DeBaliviere Place Ass'n, 337 S.W.3d at 679 ("An appellate court may give judgment as the circuit court ought to have given, but only in circumstances that indicate there is no further need for proceedings in the circuit court."). Accordingly, we reverse and remand the circuit court's judgment.

## Conclusion

The judgment of the circuit court is reversed, and the case is remanded to the circuit court with instructions to reinstate the default judgment and make any necessary recalculations of the damages award consistent with this opinion.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

---

See Endless Distrib., LLC v. Lake Breeze Farms, LLC, 657 S.W.3d 319, 324 n.8 (Mo. App. W.D. 2022). Further, we note that the circuit court was permitted to determine liability and damages in the same default-judgment proceeding. See McGee ex rel. McGee v. City of Pine Lawn, 405 S.W.3d 582, 589 n.2 (Mo. App. E.D. 2013) (internal citation omitted). Moreover, the award of damages did not wholly lack evidentiary support, as Iowa submitted two affidavits providing for actual and lost-opportunity damages as well as attorneys' fees, for which the Contract contemplated as prevailing-party fees. See id. at 588 (remanding for a hearing on damages where the default-judgment plaintiff presented *no* evidence whatsoever regarding damages, including no affidavit). Therefore, on remand, the circuit court need not hold a hearing on damages, because the award was supported by evidence in the form of Iowa's affidavits. See id.; see also Endless Distrib., 657 S.W.3d at 324 n.8.