GARY W. LYNCH, J.
James Riley ("Riley") appeals from the trial court's denial of his Rule 74.05(d) motion to set aside a default judgment against him and in favor of Denny L. Wooten ("Wooten").[1] Riley raises three points of alleged trial court error. Because Riley fails to demonstrate the trial court's denial of his motion to set aside the default judgment was an abuse of its discretion, we affirm.
Factual and Procedural Background
In 2015, Wooten filed suit in the Circuit Court of Taney County seeking relief from multiple defendants, including Riley, Wentworth Entertainment Group, LLC ("Wentworth"), and RFD-TV the Theater, LLC ("RFD-TV"), based on allegations that Wooten had provided but not been compensated for $7,000 in welding services performed at the RFD-TV theater in Branson. Riley was served personally with a summons and the petition. Two continuances followed, and the matter was set for hearing on February 4, 2016.
On the morning of February 4, 2016, the clerk's office received a letter via facsimile, purportedly from Riley, requesting that the hearing be rescheduled due to the fact that Riley's car was "broken" and he could not secure transportation from Texas to Missouri to appear ("the letter"). The record does not indicate that the trial court explicitly ruled on the request in the letter; instead, the hearing went ahead as scheduled. Wooten and RFD-TV appeared, but Riley and Wentworth did not and were adjudged in default. A written interlocutory default judgment for $7,000 against Riley and Wentworth, jointly and severally, was issued on February 9, 2016, and on that date a notice of entry of that judgment was sent to Riley by the clerk of the *121 court. On May 17, 2016, the trial court granted Wooten's motion to sever RFD-TV from the case and restyled its interlocutory default judgment as its final default judgment. On August, 4, 2016, Wooten served Riley with post-judgment discovery requests via certified mail, return receipt requested.
On May 12, 2017, Riley received notice that the default judgment had been filed as a foreign judgment in a Texas court. Three days later, on May 15, 2017, Riley filed in the circuit court of Taney County, Missouri, a verified motion to set aside the Missouri default judgment ("the motion to set aside"), stating, among other things, that he "did not become aware of the Court's entry of the Final Default Judgment until May 12, 2017[.]" He conceded in the motion to set aside, however, that he received Wooten's post-judgment discovery requests but argued that the documents did not put him on notice of the entry of the default judgment. At a hearing on the motion to set aside, counsel for Wooten took issue with this particular allegation, stating, "if [Riley]'s trying to tell the Court that he didn't know about this default judgment and he had no idea any of this happened until after he tried to dismiss the case and judgment in Texas, I don't think he's being candid with the Court."
The trial court took the matter under advisement and thereafter entered a written judgement, the body of which states in full: "Court hears Argument from both Mr. Riley and Counsel for the Plaintiff. Court reviews Motions and Pleadings. Motion to Set Aside Judgment is denied. Court notes that this case has been viewable on Case Net the entire time." Riley timely appeals this judgment.
Standard of Review
A motion to set aside a default judgment is treated as an independent action, which, on appeal, is reviewed for an abuse of discretion. Brungard v. Risky's Inc. , 240 S.W.3d 685, 687-88 (Mo. banc 2007). A court abuses its discretion when its ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. State ex rel. Wyeth v. Grady , 262 S.W.3d 216, 219 (Mo. banc 2008). We defer to the trial court's determinations regarding the credibility and weight of evidence. See City of Joplin v. Wallace Bajjali Dev. Partners, L.P. , 522 S.W.3d 327, 330 (Mo.App. 2017).
Discussion
The trial court did not abuse its discretion in denying the motion to set aside
Riley's first point contends that the trial court erred in denying the motion to set aside because he "demonstrated" all of the necessary requirements for a default judgement to be set aside per the provisions of Rule 74.05(d). This challenge fails because Riley failed to persuade the trial court, the finder of fact, that he timely filed the motion to set aside-one of the necessary requirements for obtaining relief under Rule 74.05(d).
In order to seek relief under Rule 74.05(d), Riley had to file the motion to set aside "within a reasonable time not to exceed one year after entry of the default judgment." Rule 74.05(d) (emphasis added). Whether the motion to set aside was filed within a reasonable time depended on the underlying factual circumstances surrounding the delay. Capital One Bank (USA) NA v. Largent , 314 S.W.3d 364, 367 (Mo.App. 2010) ; cf. First Bank of The Lake , 302 S.W.3d 161, 167-68 (Mo.App. 2009) (no abuse of discretion in finding that motion to set aside default judgment, *122 filed 332 days after entry, was not filed within a reasonable time).[2]
Riley argues that "the trial court erred by apparently looking only to the arguments of Wooten's counsel in considering whether Riley showed good cause and whether Riley's motion had been filed within a reasonable time." Continuing in this same vein, Riley argues, "[n]otably, Wooten did not file a response to Riley's motion, nor did Wooten present any rebuttal evidence to Riley's testimony[3] -instead relying only on the arguments of his counsel, which do not constitute competent evidence." Implicit within this argument is the false premise that, absent contrary evidence from Wooten, the trial court was required to believe and accept Riley's testimony.
It was Riley's burden to show that he was entitled to relief under Rule 74.05(d). Hinton v. Proctor & Schwartz, Inc. , 99 S.W.3d 454, 458 (Mo.App. 2003).
When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party. Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.
White v. Dir. of Revenue , 321 S.W.3d 298, 305 (Mo. banc 2010) (internal citations and quotation marks omitted) (emphasis added); see also Pearson v. Koster , 367 S.W.3d 36, 52 (Mo. banc. 2012).
Here, because Riley had the burden of proving the challenged proposition, Wooten was not required to present any contrary evidence. See White , 321 S.W.3d at 305. Counsel for Wooten did, however, contest Riley's evidence, essentially arguing that Riley was not credible.[4] The resolution of this contested issue required the trial court to make a factual determination as to whether the underlying circumstances surrounding Riley's delay were reasonable. The trial court ultimately found that the delay was not reasonable,[5] thus defeating Riley's Rule 74.05(d) challenge.
"In reviewing questions of fact, the reviewing court will defer to the trial *123 court's assessment of the evidence if any facts relevant to an issue are contested." Pearson , 367 S.W.3d at 44. "Once contested, 'a trial court is free to disbelieve any, all, or none of th[e] evidence,' and 'the appellate court's role is not to re-evaluate testimony through its own perspective.' " Id. (quoting White , 321 S.W.3d at 308-09 (Mo. banc 2010) ) (alteration in original).
Because Riley's testimony in his verified motion to set aside did not cause the trial court to believe that the motion was filed within a reasonable time, the trial court could properly deny it. Riley's argument on appeal, which is nothing more than a challenge to the trial court's failure to credit his testimony, provides us no basis within our standard of review upon which to find the trial court abused its discretion. Point one is denied.
Riley's second and third points are moot
Riley's second point challenges the trial court's disregard of "non-resident Riley's timely-filed emergency request to continue the hearing on February 4, 2016[.]" His third point seeks plain error review of the trial court's "legally untenable joint and several judgment against both an alleged undisclosed principal (Wentworth) and its alleged agent (Riley) for liability under the same alleged contract[.]"
"A default judgment cannot, itself, be appealed." Hagan v. Buchanan , 215 S.W.3d 252, 255 (Mo.App. 2007). Rather, a motion to set aside a default judgment "is treated as an independent action, and the decision to grant or deny the motion is an independent judgment." Id. ; Rule 74.05(d). Therefore, "allegations of error relating to [the] underlying judgment are moot unless the default is set aside." First Cmty. Bank v. Hubbell Power Sys., Inc. , 298 S.W.3d 534, 538 (Mo.App. 2009).
Rule 74.05(d) specifically sets out the matters to be considered in a motion to set aside a default judgment. The denial of a continuance in the underlying action, as Riley challenges in point two, is not among them. See Rule 74.05(d). Riley's point three appears to challenge the merits of Wooten's petition in the underlying action and therefore could be construed as a Rule 74.05(d) meritorious defense argument. However, as noted supra , we need not address Riley's meritorious defense arguments because he failed to establish a separate but necessary Rule 74.05(d) element-that he timely filed the motion to set aside.
Accordingly, because our resolution of point one is dispositive of this appeal, points two and three are moot and need not be addressed.
Decision
The trial court's judgment is affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

All rule references are to Missouri Court Rules (2017).

Additionally, to be entitled to relief Riley had to show "facts constituting a meritorious defense and for good cause shown." Rule 74.05(d). Because the first hurdle to relief-a showing that the motion to set aside was filed within a reasonable time-is not supported by the record when viewed according to our standard of review, we need not address Riley's contentions related to his allegations of a meritorious defense and good cause.

The transcript of the hearing before the trial court on the motion to set aside discloses that no witnesses testified under oath or that any evidence was otherwise presented to the trial court. Riley's brief mischaracterizes his unsworn arguments to the trial court during this hearing as his "testimony." Just as Riley correctly states that Wooten's counsel's arguments to the trial court do not constitute competent evidence, neither do his arguments. The only testimony before the trial court was Riley's verified statements in his motion to set aside. See Rule 55.28 (when a motion is based on facts not appearing of record the court may hear the matter on affidavits).

"[A] party can contest the evidence in many ways, such as by putting forth contrary evidence, cross-examining a witness, challenging the credibility of a witness, pointing out inconsistencies in evidence, or arguing the meaning of the evidence." Pearson , 367 S.W.3d at 44.

Neither party requested the trial court make findings of fact on any specific controverted fact issue, so "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); see also City of Joplin , 522 S.W.3d at 330.