

# Missouri Court of Appeals
## Southern District
### Division One

In Re the Marriage of:  )
CRAIG ANTHONY BELTO,  )
  )
     Respondent,  )
  )
vs.  )    No. SD36075
  )    Filed: March 5, 2020
CASIE DENISE WHITE-BELTO,  )
  )
     Appellant.  )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen, Judge

## AFFIRMED

Casie Denise White-Belto ("Wife"), appeals the judgment[1] of the trial court denying her "Motion to Set Aside Judgment and Decree of Dissolution." In one point, Wife asserts the trial court erred in denying her motion because she "established defenses and good cause as required by Supreme Court Rule 74.05."[2] Finding no merit to Wife's point, we affirm the judgment of the trial court.

---

[1] "Because a motion to set aside a default judgment is an independent action, a judgment granting or denying such a motion is a final judgment eligible for immediate appellate review." *Paes v. Bear Communications, LLC*, 568 S.W.3d 52, 58 (Mo.App. W.D. 2019) (internal quotation and citation omitted).

[2] All rule references are to Missouri Court Rules (2019).

**Facts and Procedural History**

On January 10, 2018, Husband filed a "Petition for Dissolution of Marriage," "Statement of Marital and Non-Marital Property and Liabilities of Petitioner," "Income and Expense Statement of Petitioner," and "Proposed Parenting Plan." Wife was served with the petition and associated documents on January 15, 2018. Wife thereafter filed a verified Answer (along with her own "Statement of Income and Expenses," "Statement of Property and Debt and Proposed Separation Agreement," and proposed "Parenting Plan") on February 20, 2018. Wife filed an updated Statement of Income and Expenses on September 28, 2018.

Wife appeared in person (and *pro se*) at several hearings, including the commencement of a trial on the merits of the dissolution action on October 1, 2018 (the trial was cancelled midway through as the judge recused and transferred the case to another division).

On November 29, 2018, Wife appeared at a case review hearing, and agreed to the case being reset for trial on February 25, 2019. Wife retained counsel on February 21, 2019, and on the following day—*i.e.*, the Friday preceding the trial scheduled for Monday, February 25, 2019—Wife's newly retained counsel filed an entry of appearance and a motion for continuance.

At trial on February 25, 2019, neither Wife nor her counsel appeared. On the record, the trial court noted counsel's entry of appearance and motion for continuance, but that the motion had not been noticed up for hearing, and that Wife's counsel had not appeared to argue the motion. The trial court observed that Wife had filed an answer to Husband's petition, and directed that "[t]he Court will require evidence to be presented." The guardian ad litem (previously appointed on behalf of the children born of the marriage) and Husband testified.

On March 7, 2019, the trial court entered its "Findings of Fact, Conclusions of Law and Judgment and Decree of Dissolution of Marriage." On March 10, 2019, Wife filed a "Motion to

2

Set Aside Judgment and Decree of Dissolution of Marriage," requesting the trial court set aside the "default judgment" because Wife had a "meritorious defense" and "good cause" for the judgment to be set aside under Rule 74.05(d).

On April 8, 2019, the trial court heard argument on Wife's motion and denied the same.[3] This appeal followed.

## Standard of Review

We will affirm the judgment of the trial court in a bench-tried case unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "A motion to set aside a default judgment is treated as an independent action, which, on appeal, is reviewed for an abuse of discretion." *Wooten v. Wentworth Entm't Group, LLC*, 552 S.W.3d 118, 121 (Mo.App. S.D. 2018).

## Analysis

In her sole point relied on, Wife argues that "[t]he trial court erred and abused its discretion in denying Wife's Motion to Set Aside Judgment and Decree of Dissolution because Wife established meritorious defenses and good cause as required by Supreme Court Rule 74.05."[4]

---

[3] We observe that Wife did not file a motion for new trial, nor did she assert on appeal any error in denying the motion for continuance, or any error in the dissolution judgment by the trial court.

[4] We direct Wife's counsel to Rule 84.04(d):

(1) Where the appellate court reviews the decision of a trial court, each point shall:
    (A) Identify the trial court ruling or action that the appellant challenges;
    (B) State concisely the legal reasons for the appellant's claim of reversible error; and
    (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

This line of argument is unavailing. The decree of dissolution was a judgment on the merits, and not (as Wife's argument errantly presumes) a default judgment subject to challenge via Rule 74.05.

> It is well-established that Rule 74.05(d)'s prerequisites for a motion to set aside are inapplicable when the record shows that the defendant pleaded an answer to the petition or otherwise defended against the petition. Even a defendant's timely *attempt* to file pleadings has been held sufficient for otherwise defending per Rule 74.05(d). In such instances, a judgment entered is not a default judgment, but is a judgment on the merits.

***Bramer v. Abston***, 553 S.W.3d 872, 880–81 (Mo.App. S.D. 2018) (internal quotations and citations omitted).

> The record reflects the following timeline (as applicable to Wife's challenge):
>
> •**January 10, 2018**: Husband's Petition for Dissolution of Marriage (and associated documents) filed.
>
> •**January 15, 2018**: Wife served with process.
>
> •**February 20, 2018**: **Wife filed an answer**, and filed her own Statement of Income and Expenses, Statement of Property and Debt and Proposed Separation Agreement, and proposed Parenting Plan.
>
> •**August 23, 2018**: Wife ordered to submit to urine and hair follicle drug testing; she underwent drug testing.
>
> •**September 20, 2018**: **(Docket Entry)**. "Case called. Attorney O'Donnell appears for Petitioner. GAL Birdsong appears. **Respondent appears in person.** Court takes up Motion to Release Test Results. Respondent provided drug test results to other parties in open court. **Case to remain set for October 1, 2018 at 9:00 a.m.**" (Emphasis added).
>
> •**September 28, 2018**: Wife filed a "Motion for Additional Time" to find an attorney, and an updated Statement of Income and Expenses.

4

•**October 1, 2018**: **(Docket entry)**: "Case called. Attorney O'Donnell appears with Petitioner. **Respondent appears in person pro se**. GAL Birdsong appears. Parties announce they are ready to proceed. Petitioner begins direct exam and Court has determined that it needs to recuse. Division IV recuses. Case transferred to Division V per local court rule." (Emphasis added).

•**November 29, 2018**: **(Docket Entry)**: "Case called. Atty Deirdre O'Donnell appears on behalf of Petitioner. **Respondent appears in person and Pro Se**. Cause is set by agreement on February 25, 2019 for Trial." (Emphasis added).

•**February 22, 2019**: entry of appearance and motion for continuance[5] filed by attorney on behalf of Wife

•**February 25, 2019**: **(Docket Entry)**: "Case Called. Petitioner appears in person and with Atty Deirdre O'Donnell. Respondent appears not. Atty for Respondent Rachel Russell appears not. Motion for Continuance was filed, but not properly noticed up, therefore motion for continuance is not taken up. Atty Staci Birdsong is present as Guardian Ad Litem. Matter is placed on the record. Evidence is adduced. Recommendation/Sworn statement is made by Atty Birdsong. Dissolution is granted. Findings are announced. Atty O'Donnell to submit proposed judgment to the Court within 10 days."

•**March 7, 2019**: The trial court entered "Findings of Fact, Conclusions of Law and Judgment and Decree of Dissolution of Marriage."

•**March 10, 2019**: Counsel for Wife filed her Rule 74.05(d) "Motion to Set Aside Judgment and Decree of Dissolution of Marriage."

•**April 8, 2019**: Hearing held on Wife's Rule 74.05(d) motion.

•**April 9, 2019**: Trial court denied Wife's motion.

---

[5] The motion for continuance filed on February 22, 2018, indicated (in relevant part) as follows: "[u]ndersigned counsel was only retained yesterday and is unprepared to adequately advocate in a court trial"; "[t]he timing of undersigned counsel's retention was not done as a delay tactic or a strategic maneuver. [Wife] resides in a shelter and was originally set to receive legal funding. . . . When that funding fell through, [Wife] attempted to find pro bono legal services but was again denied services. [Wife] was then referred to undersigned counsel and had to gather finances for the retainer"; "[u]ndersigned counsel needs time to get acquainted with the case, advise [Wife] of her options, and potentially reach a settlement"; and "undersigned counsel had previously been scheduled for a pre-trial conference for a murder trial in Saline County on February 25th and cannot appear [for trial in the Belto trial]."

This motion for continuance was not verified. *See* Rule 65.03. We nevertheless observe that this requirement is sometimes—though not always—foregone without incident in practice, and that the trial court did not rely on the verification deficiency in denying counsel's request for continuance.

As this record demonstrates, Wife "pleaded an answer to [Husband's] petition," and "otherwise defended against the petition"—the judgment and decree of dissolution was ***on the merits***. ***Bramer***, 553 S.W.3d at 880–81. As such, Wife's Rule 74.05(d) motion (erroneously premised on the challenge of a ***default*** judgment) was misplaced. Wife fails to demonstrate that the trial court abused its discretion in denying her request to obtain relief via the procedural mechanism for default judgments (Rule 74.05), where the judgment was actually on the merits. Point denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS