

# Missouri Court of Appeals
## Southern District

### In Division

KDD ENTERPRISES, LLC,　　　　　　)
GREGORY WILLIAMS, and　　　　　　)
JYO, LLC,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs-Respondents,　)
v.　　　　　　　　　　　　　　　　　)　　　No. SD37491
　　　　　　　　　　　　　　　　　　)　　　Filed: February 27, 2023
JUSTIN JEFFRIES,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant-Appellant,　　)
　　　　　　　　　　　　　　　　　　)
and DIVENERGY, LLC,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant-Respondent.　)

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

**<u>AFFIRMED</u>**

Justin Jeffries (Jeffries) appeals from a judgment denying his motion to set aside two default judgments against him and in favor of: KDD Enterprises, LLC (KDD); Gregory Williams (Williams); JYO, LLC (JYO); and Divenergy, LLC (Divenergy).[1] On appeal,

---

[1] The two default judgments that Jeffries sought to set aside were: (1) the judgment in favor of KDD, Williams, and JYO; and (2) the judgment in favor of Divenergy on its cross-claim against Jeffries. Each judgment was a separate document, but both judgments had the same case number and were entered on the same day. Collectively, the two judgments disposed of all pending claims in the case and constituted the trial court's final judgment. Hereinafter, we refer to both judgments simply as the default judgments.

Jeffries contends the motion court abused its discretion in denying the motion to set aside the default judgments because "the motion [was] supported by good cause, a meritorious defense, and filed within a reasonable time no greater than one year after the entry of default" as required by Rule 74.05(d).[2]  Because Jeffries failed to satisfy the burden of proof on his motion, we conclude that the court did not abuse its discretion in denying the motion. Therefore, we affirm.

*Factual and Procedural Background*

KDD, Williams, and JYO filed their underlying petition against Jeffries and Divenergy in August 2018.  Divenergy filed a cross-claim against Jeffries in September 2018.  In October 2018, Jeffries filed a *pro se* motion for extension of time to answer the plaintiffs' petition.  Thereafter, Jeffries took no further action in the case with respect to either claim made against him.  The default judgments against Jeffries were entered on March 13, 2019.

On November 22, 2019, over eight months later, Jeffries filed a Rule 74.05(d) motion to set aside the default judgments.  The motion alleged that Jeffries did not file answers in the underlying matter "due to pending criminal charges against him in an unrelated matter." According to Jeffries, he established "good cause" necessary to set aside the default judgments because "[h]is action was not designed to 'intentionally or recklessly' impede the judicial process; but rather was an effort to wrap up his criminal matter before moving forward with the civil matter."  The motion was supported by Jeffries' affidavit.

---

[2]  All rule references are to Missouri Court Rules (2019).

In a supplement to his motion to set aside, Jeffries submitted additional information that he claimed went "directly to good cause." Jeffries asserted that he was diagnosed with Post Traumatic Stress Disorder (PTSD) and that "PTSD played a role in his failure to file a timely answer." In support of this assertion, Jeffries attached medical records.[3]

On March 17, 2022, a hearing was held on Jeffries' motion. Those testifying on Jeffries' behalf were Jeffries and a forensic psychologist. No other evidence was presented by any other party. Opposing counsel argued that: (1) the facts presented at the hearing showed Jeffries was capable of addressing the civil claims against him; and (2) he failed to establish good cause to set the default judgments aside.

Thereafter, the motion court entered its judgment denying Jeffries' motion to set aside the default judgments. The court concluded that Jeffries failed to establish good cause to set aside based on credibility grounds:

> Upon hearing the evidence presented in support of [Jeffries'] Motion to Set Aside, the Court now finds that the testimony of [Jeffries] offered in support of his motion is not credible. Therefore, the Court finds there is no good cause to set aside the Judgment.

This appeal followed.

*Standard of Review*

"A motion to set aside a default judgment is treated as an independent action, which, on appeal, is reviewed for an abuse of discretion." ***Wooten v. Wentworth Entm't Group, LLC***, 552 S.W.3d 118, 121 (Mo. App. 2018); *see* ***Brungard v. Risky's Inc.***, 240 S.W.3d 685, 687-88 (Mo. banc 2007). A motion court abuses its discretion when its ruling is clearly

---

[3] Jeffries also attached an additional exhibit to support his claim of a meritorious defense. The exhibit was a Schedule K-1 tax form "showing him having an 88% ownership" in Divenergy to refute an allegation, common to both claims against him, that he falsely represented he was a majority owner of that entity.

3

against the logic of the circumstances then before the court, and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Wooten*, 552 S.W.3d at 121; *see State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008). As is always the case, we must defer to the court's "credibility determinations and the weight it gives the evidence." *Yee v. Choi*, 641 S.W.3d 272, 279 (Mo. App. 2021); *see Vogel v. Schoenberg*, 620 S.W.3d 106, 113 (Mo. App. 2021).

*Discussion and Decision*

Jeffries contends the motion court abused its discretion in denying the motion to set aside the default judgments because the motion is supported by all the necessary requirements stated in Rule 74.05(d). In relevant part, this subsection of the rule states:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside.
>
> The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.

*Id*.; *see Vogel*, 620 S.W.3d at 111 (failure to prove any of one of these elements requires denial to set aside a default judgment). Rule 74.05(d) further specifies that "'[g]ood cause' includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id*.; *Brungard*, 240 S.W.3d at 686. Intentional indifference, meaning a lack of care about the consequences of a person's actions, can be reckless. *Vogel*, 620 S.W.3d at 112. Recklessness describes a deliberate choice to risk the possibility of a default judgment, while mere negligence occurs if a party's "inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency." *Piva v. Piva*, 610 S.W.3d 395, 401 (Mo. App. 2020) (citation omitted); *Vogel*, 620 S.W.3d at 112. The party seeking to set

4

aside a default judgment bears the burden of proof to convince the motion court the party is entitled to relief. ***Dorsey v. JPAM Consulting, Inc.***, 644 S.W.3d 297, 300 (Mo. App. 2022).

To establish good cause existed for Jeffries' failure to respond, he had to allege facts constituting good cause, and then present credible evidence to prove the existence of those facts. *See* ***Paes v. Bear Commc'ns, LLC***, 568 S.W.3d 52, 58 (Mo. App. 2019); ***In re Marriage of Balough***, 983 S.W.2d 618, 624 (Mo. App. 1999). Jeffries argues, *inter alia*, that he met the standard for good cause because he "failed to file a responsive pleading due to his mental health condition and pending federal criminal charges, and filed his motion to set aside soon after his federal charges were resolved." According to Jeffries, that means it was an abuse of discretion for the court to deny the motion. We disagree.

Jeffries testified at the hearing about why he failed to file responsive pleadings in the underlying civil action. According to him, that occurred because of his mental health condition and the pendency of unrelated federal criminal charges. Assuming, without deciding, that Jeffries' allegations would constitute good cause, his argument fails because the motion court did not believe his testimony. Thus, Jeffries failed to persuade the motion court, the finder of fact, to believe the factual basis for why good cause allegedly existed. *See* ***Vogel***, 620 S.W.3d at 113; Rule 74.05(d).

The premise of Jeffries' argument is that he established good cause merely by presenting evidence to support it. That premise is false. The motion court was not required to, and did not, believe Jeffries' testimony that his failure to respond was caused by the pending federal charges and his PTSD. *See* ***Vogel***, 620 S.W.3d at 113 (court did not have to believe movant's assertions relating to good cause); ***Wooten***, 552 S.W.3d at 121 (in a motion to set aside default judgment proceeding, an appellate court defers to the motion

court's determinations regarding the credibility and weight of evidence).  In ***White v. Dir. of Revenue***, 321 S.W.3d 298 (Mo. banc 2010), our Supreme Court explained:

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence.  If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party.  Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*Id*. at 305 (internal quotations and citations omitted); *see also* ***Pearson  v.  Koster***, 367 S.W.3d 36, 52 (Mo. banc 2012).  Once contested, a motion court "is free to disbelieve any, all, or none of [the] evidence," and the "appellate court's role is not to re-evaluate testimony through its own perspective." ***White***, 321 S.W.3d at 308-09; ***Pearson***, 367 S.W.3d at 44.

We are mindful of Jeffries' argument that our courts recognize the important policies favoring the resolution of lawsuits on the merits and disfavoring default judgments.  *See* ***Plasmeier v. George***, 575 S.W.3d 485, 488 (Mo. App. 2019).  "Those policies, however, must be considered together with the countervailing and fundamental policy on which the administration of justice rests – that parties obey and respect orders of the court to appear or respond or otherwise to take some action." ***Id***.

For all of the foregoing reasons, Jeffries failed to prove the existence of good cause to set aside the default judgments.  Thus, the motion court did not abuse its discretion in denying the motion to set aside the default judgments. ***White***, 321 S.W.3d at 305; ***Wooten***, 552 S.W.3d at 121-22.[4]  Jeffries' arguments on appeal provide no basis, consistent with our

---

[4] Because Jeffries failed to carry his burden of proving good cause to set aside, we need not address his additional arguments concerning timely filing and a meritorious defense. *See* ***Vogel***, 620 S.W.3d at 111 (failure to prove any of one of the elements specified under Rule 74.05(d) requires denial to set aside a default judgment); *see, e.g.*, ***Wooten***, 552 S.W.3d at 122 n.2.

standard of review, to conclude that the motion court abused its discretion.  *See **Wooten***, 552 S.W.3d at 121-22.  Accordingly, Jeffries' point is denied.

The judgment of the motion court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR