

# Missouri Court of Appeals
## Southern District

### In Division

TERRY MCCROSKEY, TOM MCCROSKEY, )
BRENT MCCROSKEY, DWAYNE )
MCCROSKEY, CHERIE HOBSON, individually, )
and CHERIE HOBSON as Next Friend for )
L.H., a minor, and BETH MURPHY, as Next )
Friend for C.M., a minor. )
           )
           Plaintiffs-Respondents, )
           )
        v. )     No. SD37797
           )
RAJINDER SINGH, et al., )     **Filed:  December 19, 2023**
           )
           Defendants-Appellants. )

APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

The Honorable Michael O. Hendrickson, Judge

**AFFIRMED**

The surviving spouse of Patricia McCroskey ("Patricia"), Terry McCroskey, and her children (collectively, the "McCroskeys")[1] filed suit against Next Stop C-Stores, LLC ("Next Stop"), Balwinder Singh ("Balwinder"), and Gurminder Singh ("Gurminder")

---

[1] Two minors who were driving behind Patricia before her fatal accident, L.H. and C.M., joined the McCroskeys' suit as co-plaintiffs and alleged two separate counts of negligence and negligence *per se*.  We will use "the McCroskeys" to refer to the McCroskeys and the minors collectively.

1

(collectively, "Appellants") alleging five counts of wrongful death and negligence, including a claim to pierce the corporate veil.[2] The trial court entered an interlocutory order of default against Appellants after they failed to plead or respond to the McCroskeys' petition within 30 days of service of process on Gurminder or within 30 days of the Acknowledgment and Waiver of Necessity of Service of Process by Officer ("waiver of service") signed on Next Stop's and Balwinder's behalf. Appellants now appeal the trial court's order and decree denying their motion to set aside the default judgment. Because we find no abuse of discretion in the trial court's denial of Appellants' motion, we affirm.

### Factual Background and Procedural History

Patricia was operating her International Harvester tractor westbound on Highway 215 in Pleasant Hope on September 20, 2021, when she signaled her intent to turn left into the private drive for the Sonrise Community Church. Rajinder was traveling in another vehicle behind Patricia on his way to the Next Stop convenience store in Republic. He attempted to pass and overtake the tractor in a no-passing zone as Patricia was making a left-hand turn. He collided with the tractor, throwing Patricia from the tractor and killing her.

The McCroskeys sent letters to Balwinder and Next Stop regarding the accident on October 5, 2021. The letters identified the McCroskeys' legal counsel "with respect to

---

[2] The McCroskeys additionally filed suit against Rajinder Singh ("Rajinder"); however, they finalized a settlement with Rajinder in March of 2023. Any claims alleged against Rajinder have since been dismissed and are not subject to this appeal. Further, due to the related nature of several parties and identical surnames, this Court will refer to persons by their first names, unless otherwise indicated. No disrespect or familiarity is intended.

their claims arising out of [Patricia's] death[,]" requested a copy of any policy or insurance covering Next Stop, and recommended Balwinder's and Next Stop's insurer contact the McCroskeys' attorneys. The letters were sent certified mail and signed for upon delivery on October 6 and 7, 2021. The McCroskeys sent another letter to Next Stop and Balwinder on October 20, 2021, explaining an inspection of the tractor involved in Patricia's accident was performed two days earlier and advising: "If you wish for the Tractor to be stored until the trial of the matter irrespective of the inspection(s) already performed, please contact [the McCroskeys' counsel] to arrange for same."

On October 25, 2021, counsel for Balwinder and Next Stop sent correspondence to the McCroskeys' counsel, denying any involvement in the accident on behalf of Next Stop and Balwinder. The McCroskeys replied that same day and explained the basis for believing that Rajinder was acting on Next Stop's behalf at the time of the collision in that Rajinder gave a statement to his insurer about making deliveries as a salaried employee for Next Stop at the time of the accident. Counsel for Appellants never provided the requested insurance information to the McCroskeys.

The McCroskeys filed suit against Appellants on January 7, 2022. The petition named Appellants as co-defendants, with Gurminder and Balwinder as principals of Next Stop. Service of process was perfected on Gurminder on January 25, 2022, and Next Stop and Balwinder waived service on January 31, 2022. The summons served on Gurminder advised him that "judgment by default may be taken against you for the relief demanded in the petition" if he failed to file a responsive pleading within 30 days of receiving the summons. The waiver of service, signed by Appellants' counsel on behalf of Next Stop and Balwinder, advised, "you must answer the petition within thirty days"

3

of the date the waiver of service was signed and, if they failed to do so, "judgment by default may be taken" for the relief demanded in the petition.

After Appellants failed to timely file responsive pleadings, the McCroskeys moved for an interlocutory order of default against Gurminder on March 4, 2022. More than 30 days later on April 19, 2022, Appellants filed a motion for leave to file pleadings out of time pursuant to Rule 44.01(b) ("motion for leave").[3] In their motion for leave, Appellants argued their delay in filing a responsive pleading was due to excusable neglect. They asserted that "Next Stop believed there would be insurance coverage for the allegations contained in [the McCroskeys'] Petition" but there were "delays in filing a claim" with Next Stop's insurance carrier that were not the fault of Next Stop. According to Appellants, "counsel for Defendants Next Stop was required to file the claim on behalf of Defendant Next Stop after a delay of more than forty-five (45) days attempting to proceed through the insurance claims process" and they "recently received notice that there was no insurance coverage" for the claims in the McCroskeys' petition.

The McCroskeys' suggestions in opposition to Appellants' motion for leave argued the failure to file a timely responsive pleading was inexcusable because Appellants "knew of [the McCroskeys'] claims against them since at least October 25, 2021," Appellants' counsel knew a responsive pleading was due within 30 days of service of process, and Appellants did not move to plead out of time until "nearly three months after receipt of [the McCroskeys'] Petition." The McCroskeys later filed a motion for interlocutory order of default as to Next Stop and Balwinder on April 26,

---

[3] All rule references are to Missouri Court Rules (2023), unless otherwise indicated.

2022, and a separate request for the trial court to make findings of fact and conclusions of law on Appellants' motion for leave.

The trial court held a hearing on Appellants' motion for leave and the McCroskeys' request for written findings of fact and conclusions of law on May 2, 2022. At the hearing, Appellants' counsel admitted Appellants were waiting to file their responsive pleadings because "insurance companies look for reasons to deny coverage" and "the last thing [they] wanted to do was carve out a legal position in a motion to dismiss[] and an answer" that their carrier would use to deny coverage. He continued, "We were attempting and, although it sounds crazy, it is true, that we were attempting for months to get this claim filed with Next Stop Store's insurance carrier." Appellants' counsel explained that he asked the insurance agent to file the claim after Balwinder and Next Stop waived service, and Appellants' counsel said he reached out again by email "two weeks later as [they] were getting close to the deadline for a responsive pleading[.]" Appellants' counsel did not attempt to submit the claim earlier because, in his words, the McCroskeys' "letter in October triggered nothing of any legal input."

Appellants' counsel further explained that it took "no less than a dozen e-mails" and "two separate phone calls" inside 45 days to get the insurance agent to explain he was not going to file the claim because the agent believed the policy would not provide coverage. Appellants' counsel eventually filed the claim himself. The insurance carrier had notice of the McCroskeys' claims by March 18, 2022, and denied coverage for Appellants on April 7, 2022.

Appellants' counsel claimed there was a "clear misunderstanding" as to whether the McCroskeys agreed to enlarge the time for Appellants to answer or agreed to not

5

object to Appellants seeking leave to plead out of time, but Appellants' counsel acknowledged the McCroskeys' counsel never agreed to extend or enlarge Appellants' time to file responsive pleadings.  Appellants' counsel also confirmed he never requested such an agreement from the McCroskeys, and his office was not retained to represent Gurminder until after the time to file Gurminder's responsive pleading expired.  No other evidence was offered at the hearing as to why Gurminder failed to retain counsel before his time to file a responsive pleading expired or how filing a responsive pleading might damage or otherwise negate insurance coverage or any defenses to the McCroskeys' claims.

The trial court entered its findings of fact and conclusions of law as to Appellants' motion for leave on June 30, 2022.  It found it to be undisputed that Gurminder failed to retain counsel prior to his default date and that he provided no evidence to excuse his failure to retain counsel and timely plead.  It also found Appellants' obligation to timely plead was not dependent on a response from their insurer.  Based on those findings, the trial court determined Appellants "failed to adduce any evidence that the failure to timely plead was a result of an 'unexpected or unavoidable hindrance or accident.'" Consequently, Appellants "failed to show the 'excusable neglect' required to afford relief under Rule 44.01(b)(2)."[4]  The trial court denied Appellants' motion for leave, sustained

---

[4] To clarify, Appellants have not appealed the denial of their motion for leave.  The procedural history, findings, and trial court's rulings related thereto are set forth in detail to provide context.  The "excusable neglect" required by Rule 44.01(b) for leave is "the failure to act not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident." *Holmes v. Union Pac. R.R. Co.*, 617 S.W.3d 853, 860 (Mo. banc 2021) (internal quotation marks and citations omitted).  "Importantly, demonstrating excusable neglect is a higher burden than proving an action was not 'recklessly

6

the McCroskeys' motions for default, and entered its judgment and interlocutory order of default against Appellants.

Appellants filed a motion to set aside the default judgment ("motion to set aside") pursuant to Rule 74.05 on September 30, 2022. Appellants asserted in their motion that they "believed there would be insurance coverage for the allegations claimed in [the McCroskeys'] Petition" and "[f]iling pleadings in response to the Petition prior to review by [Appellants'] insurer could have compromised [Appellants'] insurance coverage." Appellants also alleged their "insurance agent failed to submit the claim to [Appellants'] insurer for months" and the "delays in filing a claim" were no fault of Appellants. Appellants further asserted "[b]y either mistake, misunderstanding, or other miscommunication" the McCroskeys' counsel and Appellants' counsel "did not understand each other's position regarding the status of the case" and specifically, that the McCroskeys' counsel would oppose the motion for leave, "so, [Appellants'] counsel did not file pleadings in response to the Petition within the time provided by the applicable Missouri Rules of Civil Procedure." Appellants also stated their failure to file responsive pleadings "was due to good cause, namely, a misunderstanding by [Appellants'] counsel." Appellants also set forth what they argued were meritorious defenses to the claims.

Appellants supported their motion to set aside with individual affidavits from Balwinder, Gurminder, and their counsel. In Balwinder's and Gurminder's affidavits, they asserted they believed that counsel would have timely filed an answer on their

designed to impede the judicial process' as required to show good cause" to set aside a default judgment per Rule 74.05(d). *Id.* (citations omitted).

7

behalf, and they believed the McCroskeys' counsel had agreed Appellants could file a responsive pleading out of time and after they received a response from their insurer about coverage. Balwinder and Gurminder both claimed, "Any failure on my part to respond to this lawsuit was due to the mistake, miscommunication, or misunderstanding of my attorneys and the delays caused by my insurer, which were out of my control." Gurminder stated that he "mistakenly believed" that counsel had been retained to represent him, and he promptly retained counsel after the McCroskeys filed a motion for interlocutory order of default against him.

Appellants' counsel stated in his affidavit that he had "communicated with [the McCroskeys'] counsel regarding [his] clients' potential insurance coverage and the delay in filing responsive pleadings" and that he "believed" the McCroskeys' counsel would not oppose Appellants' filing an answer out of time. He further stated,

> Any failure to respond to this lawsuit was due to my mistake, miscommunication, or misunderstanding about [the McCroskeys'] intent to oppose [Appellants] filing pleadings in response to the Petition after receiving a decision from their insurer, which all parties were aware would be after the time for a response had elapsed.

The McCroskeys filed suggestions in opposition to Appellants' motion to set aside, and on November 7, 2022, the trial court held a hearing on Appellants' motion to set aside.[5] The trial court's docket sheet reflects that "Plt request that court make FFCL on def's Motion to Set Aside Default is made[,]" but the trial court made no findings of fact or conclusions of law as to the motion to set aside. The trial court overruled

---

[5] The record on appeal submitted by Appellants does not include a transcript of the hearing on their motion to set aside. Therefore, we assume the only evidence on good cause presented to the trial court was presented through the affidavits attached to the motion to set aside. No further evidence supporting the motion to set aside is before this Court to review.

8

Appellants' motion to set aside following the hearing and subsequently entered its order and decree on Appellants' motion to set aside on January 9, 2023.

## Standard of Review

> "A motion to set aside a default judgment is treated as an independent action, which, on appeal, is reviewed for an abuse of discretion." *Wooten v. Wentworth Entm't Group, LLC*, 552 S.W.3d 118, 121 (Mo. App. [S.D.] 2018); *see Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687-88 (Mo. banc 2007). A motion court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court, and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Wooten*, 552 S.W.3d at 121; *see State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008). As is always the case, we must defer to the court's "credibility determinations and the weight it gives the evidence." *Yee v. Choi*, 641 S.W.3d 272, 279 (Mo. App. [W.D.] 2021); *see Vogel v. Schoenberg*, 620 S.W.3d 106, 113 (Mo. App. [W.D.] 2021).

*KDD Enters., LLC v. Jeffries*, 664 S.W.3d 737, 740 (Mo. App. S.D. 2023). "Although our decisions often state that a trial court has broader discretion to grant a motion to set aside a default judgment than to deny it because of the distaste our system holds for default judgments, ultimately, the decision is left to the sound discretion of the trial court and should be overturned only if that discretion is abused." *First Cmty. Bank v. Hubbell Power Sys., Inc.*, 298 S.W.3d 534, 537 (Mo. App. S.D. 2009) (internal citations and quotation marks omitted). We also view the evidence in the light most favorable to the trial court's evaluation of good cause and consider only "whether there was a sufficient factual basis for the trial court's determination under the totality of the circumstances." *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 478 (Mo. App. E.D. 2022). "[U]nder [this] standard of review, we do not determine whether we would have reached the same decision as the trial court." *Coble v. NCI Bldg. Sys., Inc.*, 378 S.W.3d 443, 451 (Mo. App. W.D. 2012) (quoting *Mocciola v. Mocciola*, 834 S.W.2d 872, 874 (Mo. App. E.D.

9

1992)).  "If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion."  **Id.** (quoting **Wilkerson v. Prelutsky**, 943 S.W.2d 643, 648 (Mo. banc 1997)).

**Analysis**

A trial court may set aside an interlocutory order of default upon a "motion stating facts constituting a meritorious defense and for good cause shown[.]"  Rule 74.05(d).

> "Thus, in order to set aside a default judgment under Rule 74.05(d), the moving party must establish:  (1) a meritorious defense to the suit; (2) good cause for failing to respond to the petition; and (3) that the motion was filed within a reasonable time not to exceed one year."

**Robertson v. Rosner**, 641 S.W.3d 436, 439 (Mo. App. W.D. 2022) (quoting **Irvin v. Palmer**, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019)) (internal quotation marks and alterations omitted).  Failure to satisfy the meritorious defense element or good cause element of a Rule 74.05(d) motion is fatal to the motion.  **Hanlon v. Legends Hosp., LLC**, 568 S.W.3d 528, 532 (Mo. App. E.D. 2019).  "[A] motion to set aside a default judgment is not a self-proving motion."  **Agnello v. Walker**, 306 S.W.3d 666, 673 (Mo. App. W.D. 2010).  "The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion."  **Bryant v. Wahl**, 502 S.W.3d 9, 13 (Mo. App. W.D. 2016) (quoting **Snelling v. Reliance Auto, Inc.**, 144 S.W.3d 915, 918 (Mo. App. E.D. 2004)).  "The movant in a motion to set aside default judgment bears the evidentiary burden of proving entitlement to the relief requested."  **Agnello**, 306 S.W.3d at 673.

Appellants argued in their motion to set aside, pursuant to Rule 74.05(d), that their failure to timely file responsive pleadings "was due to good cause, namely, a misunderstanding by [Appellants'] counsel" and that Appellants "made no attempts to

10

impede judicial process." Appellants also argued they had meritorious defenses. On appeal, Appellants argue in Points I and II that the trial court erred in overruling their motion to set aside because they established meritorious defenses to the suit and they had good cause for failing to respond to the McCroskeys' petition, respectively. The McCroskeys do not dispute, for purposes of this appeal, that Appellants established a meritorious defense. Therefore, we determine Appellants established a meritorious defense to the McCroskeys' claims as Appellants argue in Point I. However, we still determine the trial court did not abuse its discretion in overruling Appellants' motion to set aside because a sufficient factual basis existed to find that Appellants failed to show good cause to set aside the default judgment pursuant to Rule 74.04(d).

### Point II – Good Cause

In their second point relied on, Appellants claim the trial court "abused its discretion in overruling the motion of [Appellants] . . . to set aside the interlocutory default judgment because its ruling was unreasonable and arbitrary in that [Appellants] established good cause." They assert that "although [Appellants] failed to timely respond to [the McCroskeys'] Petition or obtain an extension of time to respond," they acknowledged the lawsuit in the following ways: (1) Next Stop and Balwinder responded to written discovery requests propounded on January 24, 2022; (2) While the McCroskeys filed their motion for interlocutory order of default as to Gurminder on March 4, 2022, Appellants' counsel entered his appearance on Gurminder's behalf on March 23, 2022, and, by letter of March 24, 2022, said counsel confirmed with the McCroskeys' counsel their agreement to withdraw a notice of hearing on the default motion against Gurminder; and (3) Their counsel and the McCroskeys' counsel

11

exchanged emails and several telephone conversations regarding the status of the case. Appellants urge this Court to believe that "[t]his situation lends itself more to simple negligence on the part of [Appellants'] counsel, rather than recklessness." We disagree.

Good cause under Rule 74.05(d) includes "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." **Baker v. Lee**, 252 S.W.3d 267, 270 (Mo. App. S.D. 2008) (quoting Rule 74.05(d)). Missouri courts grant a liberal interpretation of good cause, including "good faith mistakes and even negligence in failing to file a timely answer." **In re Marriage of Callahan**, 277 S.W.3d 643, 645 (Mo. banc 2009). "Negligent conduct can constitute 'good cause,' whereas reckless conduct does not." **Coble**, 378 S.W.3d at 448. "A person acts negligently 'if his inadvertence, incompetence, unskillfulness or failure to take precautions precludes him from adequately coping with a possible or probable future emergency.'" **Id.** (quoting **Mullins v. Mullins**, 91 S.W.3d 667, 670 (Mo App. W.D. 2002)). One acts "recklessly" and not "negligently" in the context of default judgments, when he or she takes a course of action "lacking in caution" or "deliberately courting danger." **First Cmty. Bank**, 298 S.W.3d at 539 (quoting **Great S. Sav. & Loan Ass'n v. Wilburn**, 887 S.W.2d 581, 585 (Mo. banc 1994) (Covington, C.J., dissenting)). "Intentional indifference, meaning that an individual does not care about the consequences of his or her actions, can also constitute recklessness." **Vogel**, 620 S.W.3d at 112 (quoting **Coble**, 378 S.W.3d at 448) (internal quotation marks and alterations omitted). "In other words, recklessness involves a deliberate choice to risk the possibility of a default judgment." **Id.** (quoting **Wilderman v. Drawbond**, 267 S.W.3d 772, 775 (Mo. App. S.D. 2008)) (internal quotation marks and alterations omitted).

Here, there was sufficient evidence for the trial court to determine, in its discretion, that Appellants' failure to timely file responsive pleadings was due to their reckless behavior and not good cause. Appellants claimed through their affidavits that their failure to timely file responsive pleadings was due to the "mistake, miscommunication, or misunderstanding" of Appellants' counsel, and "the delays caused by [Appellants'] insurer were out of [Appellants'] control." Gurminder specifically said he "mistakenly believed" Appellants' counsel had been retained to represent him and would timely file an answer. Appellants' counsel attested he "believed" the McCroskeys would not oppose the late filing of a responsive pleading.

Viewing this evidence in the light most favorable to the trial court's decision, these affidavits do not sufficiently explain why any mistaken belief was made in good faith or was merely negligent. *See Solomon*, 640 S.W.3d at 478 (affirming a finding of no good cause where the affidavit of a defense attorney was vague). Appellants provided no detail as to why the filing of a responsive pleading was dependent on Appellants' insurer, why they could not employ Rule 55.33 to amend a timely filed answer if anything included therein conflicted with their insurer's demands, or why Appellants' counsel believed the McCroskeys would not oppose a late filing. The trial court's interlocutory order of default found there was no evidence the McCroskeys agreed to extend the time to file responsive pleadings, and the affidavits do not supply any new information to contradict the trial court's finding. Gurminder, in particular, gave no specifics as to why he believed he already had retained legal representation before counsel entered an appearance on his behalf on March 23, 2022. The late retention of counsel alone suggests a litigant recklessly or intentionally impeded the judicial process.

13

*See Wilburn*, 887 S.W.2d at 584 ("At the end of his answer period, [appellant] had failed even to hire a lawyer."); *see also In re Marriage of Erickson*, 419 S.W.3d 836, 849 (Mo. App. S.D. 2013) (finding no abuse of discretion in the denial of a motion to file pleadings out of time where counsel was not retained until "after the trial court had announced its calculation of back retirement pay owed to [respondent] and had requested a proposed judgment").

Furthermore, both Balwinder and Gurminder are presumed to appreciate the need to respond to pending litigation given their positions as principals for Next Store. *See First Cmty. Bank*, 298 S.W.3d at 541 ("[A] mistake by upper-level management employees, or by individual defendants, is more likely to be presumed reckless or intentional.") (quoting *Pyle v. Firstline Transp. Sec., Inc.*, 230 S.W.3d 52, 60 (Mo. App. W.D. 2007)) (alteration in original). Given this presumption and Appellants' lack of a full explanation as to why any mistake was at most negligent, the trial court could view the affidavits as not credible. *See Yee*, 641 S.W.3d at 280 ("We defer to the circuit court's credibility determinations, both explicit and implicit."); *see also Vogel*, 620 S.W.3d at 113 n.4 ("[T]he trial court is free to disbelieve statements a party makes in an affidavit supporting a motion to set aside a default judgment.").

We additionally find no abuse of discretion in the trial court's order and decree because Appellants' delay ultimately stemmed from their counsel's decisions and acts. An attorney's actions that result in default are imputable to clients. *Sprung v. Negwer Materials, Inc.*, 775 S.W.2d 97, 100 (Mo. banc 1989), *superseded by rule on other grounds as recognized in Cont'l Basketball Ass'n v. Harrisburg Pro. Sports Inc.*, 947 S.W.2d 471, 474 (Mo. App. E.D. 1997); *see also McMillan v. Wells*, 924 S.W.2d 33, 36-

14

37 (Mo. App. S.D. 1996) (imputing an attorney's untimely motion to set aside a dismissal for failure to prosecute to the client). "A Rule 74.05(d) motion does not occasion review of whether counsel committed legal malpractice or was somehow ineffective, but instead calls for review of whether the defaulting party had good cause for failing to respond." *Jones v. Riley*, 560 S.W.3d 540, 547 (Mo. App. E.D. 2018) (J. Dowd, dissenting). Here, though Appellants' counsel blamed Appellants' delay in timely filing responsive pleadings on the insurance agent's failure to submit the claim to the insurer, the trial court had discretion to discount this justification and not find good cause. *Vogel*, 620 S.W.3d at 110; *Wooten*, 552 S.W.3d at 122. Appellants' counsel knew a timely responsive pleading was required within 30 days after he signed the waiver of service, yet he decided to not file one until after hearing from Appellants' insurer. He waited again until after he received a response from the insurer that it was denying coverage before he filed the motion for leave. His decision to put off filing responsive pleadings until after a determination on insurance coverage was a conscious, deliberate choice. The trial court could have viewed this choice as reckless because, despite having notice of Appellants' claims months before the petition was filed, Appellants' counsel did not contact the insurance agent to inquire about coverage until after he accepted service on Balwinder's and Next Stop's behalf on January 31, 2022. Appellants' counsel also did not seek any explicit agreement from the McCroskeys to extend the time to file responsive pleadings or request an extension directly from the trial court.

Under these circumstances, and especially when Appellants' counsel could and did file the insurance claim himself, the efforts and choices of Appellants' counsel "indicate[] a conscious choice to ignore the [McCroskeys' claims] and suggest[]

15

recklessness designed to impede the judicial process" by consciously allowing the deadline to file responsive pleadings to pass while waiting for an insurance coverage determination and by not seeking any extension in time to file responsive pleadings. *First Cmty. Bank*, 298 S.W.3d at 540-41 (quoting *Bredeman v. Eno*, 863 S.W.2d 24, 26 (Mo. App. W.D. 1993)).

Appellants argue this Court should follow *Keltner v. Lawson*, 931 S.W.2d 477 (Mo. App. S.D. 1996), and *Hanlon*, 568 S.W.3d at 528. We find the facts of those cases distinguishable from the facts here. The *Keltner* court held a defendant showed good cause where the "failure to timely plead was the result of defendant's insurer's mishandling [of] legal documents[.]" 931 S.W.2d at 481. Unlike *Keltner*, there is no indication Appellants' insurance carrier caused any delay in processing Appellants' claim. Rather, Appellants knew about their potential liability as early as October 6, 2021, and no later than October 25, 2021, when the McCroskeys notified them Rajinder's accident happened during the course of his employment. Yet, Appellants decided to not inform the insurance agent at that time. Appellants' counsel also continued to rely on an insurance agent to file a claim months after the McCroskeys' initial communications. *Hanlon* found good cause under Rule 74.05(d) because "various exchanges" between the parties existed, including the transmission of discovery materials to the plaintiff's counsel, but Appellants did not supply comparable evidence here. 568 S.W.3d at 532. Other than their affidavits, Appellants' motion to set aside relied on a March 24, 2022, letter asking the McCroskeys to withdraw their hearing request on their motion for entry

16

of an interlocutory order of default against Gurminder.[6]  Appellants did not attach any other communications with the McCroskeys' counsel to their motion to set aside. Standing alone, the March 24, 2022, letter does not reflect active engagement in litigation such that the failure to timely file a responsive pleading could be mere negligence.

Point II is denied.

**Conclusion**

While Appellants asserted a meritorious defense to the McCroskeys' claims, unless both elements of Rule 74.05(d) "are resolved affirmatively, the underlying default judgment remains undisturbed." *First Cmty. Bank*, 298 S.W.3d at 539 (quoting *In re Marriage of Coonts*, 190 S.W.3d 590, 601 (Mo. App. S.D. 2006)).  Because Appellants failed to establish good cause existed for their failure to timely file their responsive pleadings to the McCroskeys' petition, the trial court did not abuse its discretion by denying Appellants' motion to set aside, and its order and decree is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS

---

[6] Appellants contend the McCroskeys "lulled" them into a "false sense of security" by agreeing to cancel this hearing.  There is no record the McCroskeys agreed to not oppose Appellants' motion for leave or any other promise that would constitute lulling here. *See*, *e.g.*, *Liora Tech, Inc. v. United Med. Network, Inc.*, 662 S.W.3d 334, 338 (Mo. App. E.D. 2023) (concluding the reliance on "lulling statements" from a plaintiff that the defendants "did not need to file a response" was not intentional or reckless conduct designed to impede court proceedings).